In the Matter of the Probate of the Will of JOSEPH STORER, deceased.

May 9, 1881.

**Wills—Undue Influence—Unequal Distribution of Property.**—Upon an issue as to undue influence in procuring the execution of a will on the part of those who appear to be preferred in it, proof that the will is unequal in its distribution of the property, even though the testator was of impaired mind and memory, is inadmissible if there be no actual evidence of undue influence.

**Same—Proof of Exercise of Influence.**—On such an issue, evidence that the wife of testator, who is one of those preferred by the will, had great control over him in the ordinary affairs of life, is inadmissible without evidence that her influence was exerted to procure the execution of the will.

**Same—Prior Statements of Testator.**—Prior statements of a testator as to how he intended to dispose of his property, disconnected from the act of making his will, are not evidence of the fact of undue influence.

**Testimony of Experts—Form of Question.**—Rule in *Getchell* v. *Hill*, 21 Minn. 464, as to the discretion of the trial court in regard to the form of question in which an expert witness may be asked his opinion, based on facts previously testified to by other witnesses, adhered to.

The will of Joseph Storer having been presented to the probate court of Steele county for probate, by Gardner Storer, one of the executors named therein, its allowance was contested by Martha Elbina Zimmerman, daughter of the testator. This appeal is taken by contestant from a judgment of the district court of that county, *Buckham,* J., presiding, reversing a decree of the probate court.

*A. D. Keyes,* for appellant.

*A. C. Hickman* and *W. F. Sawyer,* for respondent.

GILFILLAN, C. J.   The will of Joseph Storer, executed July 23, 1875, was, after his death, presented to the probate court of Steele county for probate.   It was contested by this appellant, and the probate court refused to admit it to probate.   From that order or decree an appeal was taken to the district court, where, after a trial of the issues presented by the contest, a judgment was entered allowing and establishing the will.   From that judgment the contestant appeals to this court.   In the district court the following issues for trial by jury were framed:   *First.* Was Joseph Storer of sound and disposing mind at the date of the alleged will?   *Second.* Was the alleged will procured to be made through undue influence of Gardner Storer, Betsey Storer, Lucy F. Storer, or either of them?   *Third.* Is the instrument now offered for probate the will of Joseph Storer?   The jury found the first and third in the affirmative, and the second in the negative.   The exceptions in the appeal are presented by bill of exceptions.

The objection is made that the findings are not sufficient to justify the judgment, because the facts constituting the execution of the will are not stated in the findings.   Those facts are necessarily included in the finding on the third issue, and the testator's legal capacity is established by the finding on the first.   There is nothing in that objection.   So far as shown by the bill of exceptions, no proof was made or offered of any acts on the part of any of the persons named in the second issue of undue influence, or of any influence, over the testator, in respect to making the will.   It does not appear even that any of them knew he was about to or intended to make a will.

The contestant offered to prove the amount of property the testator had at the date of the will, which proof was excluded.   This is alleged as error.   It is insisted that the proof would have shown there was great inequality in the distribution of his property among those naturally the objects of his bounty, and that that fact, in connection with evidence tending to show impaired mind and memory,

which evidence was given, is evidence of undue influence on the part of those who seem to be favored by the will.

Where there is evidence, independent of any question of inequality in the will, tending to show acts of undue influence over the testator to procure him to make the will, on the part of those who appear to be preferred, evidence that the distribution is grossly unequal may be given in aid of such evidence of undue influence, to show indeed the result, as well as strengthen the evidence, of undue influence. But mere inequality, however great, in the distribution of the property among children or relatives, is no evidence of undue influence, nor is it made such by evidence of impaired mind. If it were evidence from which a jury might find undue influence to avoid the will, the issue practically presented to the jury in every case of the kind would be, Is the will such as the jury, if in the testator's circumstances, would have made? Few wills could stand if such were the test. Any man of sufficient capacity, where his power to dispose of his property is not limited by statute, has a right, in disposing of it by will, to use his own judgment and consult his own preferences, without regard to how such disposition may be approved or disapproved by others.

Contestant also offered evidence to the effect that, in the ordinary conduct of life, testator's wife, one of those claimed to have used undue influence to procure him to make the will, exercised great control over him; would order him about as one would a child, and he would obey. This was excluded, and properly. That a wife's influence over her husband, in the ordinary affairs of life, was great, without any evidence that her power of control was exercised with reference to making his will, is no evidence that she unduly influenced the will. It must be shown that her influence was exerted in a special degree to procure a will peculiarly acceptable to her. *Miller* v. *Miller*, 3 Serg. & R. 267; *Meeker* v. *Meeker*, 75 Ill. 260; *Zimmerman* v. *Zimmerman*, 23 Pa. St. 375.

An expert witness was called by contestant, and, after testifying that he had heard the testimony of witnesses named, was asked, in effect, if, assuming the statements of such witnesses as to symptoms

and indications of testator to be true, the testator was of sound mind. The trial court might, in its discretion, allow or refuse to allow the question to be put in that form. *Getchell* v. *Hill*, 21 Minn. 464; *State* v. *Lautenschlager*, 22 Minn. 514. Other questions were asked calling for his opinion as to whether certain specified symptoms, in connection with *other* testimony, (not specified,) indicated unsound mind. Of course, these questions, referring as they did to testimony, without specifying what testimony, were improper.

The first request of contestant for instructions to the jury was properly refused, because it included the proposition that mere inequality in the distribution of the property is, of itself, evidence of undue influence in procuring the will to be made. From contestant's second request the jury might have understood the court as stating the proposition which made the first request objectionable. It might, therefore, if given, have misled them. There are other objections to the request, but this was sufficient to justify the court in refusing it. The court, in its general charge, instructed the jury properly upon the correct propositions contained in the request.

The court, at proponent's request, instructed the jury that "statements of the testator, made prior to the making of the will, as to how he intended to dispose of his property, unless made so near the time of executing the will as to become a part of the *res gestæ*, are not competent evidence of undue influence, and are not to be considered by the jury in determining that question, unless they find from other evidence that some influence was actually exerted to cause the testator to make his will as he did make it, and then can be considered by them only in determining the effect which such influence had on his mind when making the will." So far as this indicates that the testator's statements as to how he intended to dispose of his property, if made so near the time of the making of the will as to be a part of the *res gestæ*, may be evidence of the fact of undue influence, the contestant cannot complain of it, for it could operate only in her favor. The proposition contained in the instruction, that such statements, if disconnected from the act of making the will, are not evidence of the fact of undue influence, but are evidence only of the effect which

influence shown to have been exerted on the testator to make the will had on his mind, is correct. When offered to prove external facts, such as that influence was exerted to induce the testator to make the will, and that such influence was of the character which the law designates as undue influence, such statements are incompetent.

Judgment affirmed.