RUFUS JOHNSON *vs.* NORTHERN PACIFIC RAILROAD COMPANY and another.

December 1, 1891.

**Personal Injury—Evidence—Opinion of Physician Based on Statements of Patient.**—A medical expert may form and express an opinion of the nature of the malady or injuries of a sick or injured person, based in part upon the statements and complaints made by the patient, in relation to his condition, sufferings, or symptoms at the time, in the course of a professional examination into his case.

**Same—Damages—Future Suffering.**—Where, in an action for personal injuries, the injured party has not fully recovered at the date of the trial, the jury are not limited to the damages suffered up to that time, but may also allow compensation for future disability and suffering resulting from the same cause.

Appeal by defendants, the Northern Pacific Railroad Co. and the St. Paul & Duluth Railroad Co., from an order of the district court for St. Louis county, *Stearns,* J., presiding, refusing a new trial after verdict of $1,500 for plaintiff, in an action for personal injuries received by plaintiff, a passenger in a train of the former company, in a collision of that train with a train of the latter company.

*John C. Bullitt, Jr., Tilden R. Selmes,* and *Hollembaek & Wood,* for appellants.

*Smith & Towne,* for respondent.

VANDERBURGH, J.   The plaintiff was injured by an accident on a passenger train, which resulted from the negligence of the defendants, and recovered a verdict of $1,500.   The car in which he was riding at the time was thrown off the track and overturned, and the evidence tends to prove that he received various bruises and injuries, and a severe shock to his nervous system.   The circumstances of the. accident and the liability of the defendants for some damages are admitted.   Two errors as signed relate to the admissibility of certain evidence of a medical expert, and the amount of the verdict, which is claimed to be excessive.

1. A physician whom he consulted the next day testified, among other things, that "he had a cut on the temple and right side.   It was a pretty severe cut, and had a few stitches in it.   He was bruised somewhat about the face, and appeared to be suffering from considerable shock from the injury, as I supposed.   He was quite nervous, and complained of considerable pain through the system, especially his side and back.

"Question. What conclusion, doctor, did you reach as to the nature of his injuries in his back?   Answer. I supposed, from my knowledge of such injuries, that he was possibly pretty severely injured.   I judged that he was.   It is a very difficult matter to determine in some cases how much a person may be injured."

It is especially assigned as error that the witness was permitted to testify to the complaints and statements of the plaintiff in respect to his condition, symptoms, and sensations, or to give an opinion based on such statements, in whole or in part.   In respect to evidence of this character, the rule is that a witness not an expert can testify

only to such complaints or exclamations of a sick man as indicate present pain, the same being the instinctive or natural evidence and expression of his condition and feelings at the time, but such testimony is not to include his declarations or statements of past events or facts. But a medical expert may form and express an opinion based in part upon statements which a sick or injured person made to him in his professional capacity, in relation to his present condition, suffering, or symptoms, though called out by his examination of the patient, and may testify to such statements as part of the evidence of the investigation and inquiry upon which his opinion is based. The evidence of such declarations is received from necessity, because it is the only way in which the bodily condition of the patient could in many cases be fully ascertained .*Barber* v. *Merriam*, 11 Allen, 322; *Roosa* v. *Boston Loan Co.*, 132 Mass. 439. As stated pointedly by Mr. Greenleaf, (Ev. § 102:) "The representations by a sick person of the nature, symptoms, and effects of the malady under which he is laboring at the time are received as original evidence." But the rule is to be carefully applied, and not unduly extended. 1 Whart. Ev. §§ 268, 441; *Ashland* v. *Marlborough*, 99 Mass. 47; *Atchison, etc., R. Co.* v. *Frazier*, 27 Kan. 463; 1 Greenl. Ev. (14th Ed.) § 102, note *b*. The evidence objected to in this case was clearly admissible.

2. The defendant also insists that the damages are excessive. This question was, of course, for the jury, and they were not limited, in their estimate thereof, to the loss of time, expenses, pain, and suffering incurred and endured up to the time of the trial; for there is evidence tending to show that he had not then recovered, and his disability, and the suffering resulting from his injuries, might continue much longer, and perhaps indefinitely. This court should not interfere with the verdict as excessive, especially in opposition to the opinion of the trial court.

Judgment affirmed.