FREDERICK BRUSCH *vs.* ST. PAUL CITY RAILWAY Co. *et al.*

Submitted on briefs Dec. 20, 1892. Decided March 13, 1893.

**Evidence Sufficient—Damages not Excessive.**

Evidence *held* sufficient to justify the verdict, and damages allowed *held* not excessive.

**Statements of Patient to His Physician.**

Statements made to an attending physician by an injured party in respect to his injuries and pain suffered by him, *held* competent evidence in connection with his examination and observation of the patient.

Appeal by defendants, the St. Paul City Railway Company and the Minneapolis Street-Railway Company, from an order of the District Court of Ramsey County, *Cornish,* J., made August 15, 1892, denying their motion for a new trial.

On March 12, 1892, the defendants were jointly operating the electric railway between St. Paul and Minneapolis. On that day plaintiff, Frederick Brusch, took passage on one of the cars. Near the intersection of Wabasha street and Central avenue, in St. Paul, he was thrown off in the manner stated in the opinion, and received personal injuries. He had a verdict June 16, 1892, for $1,000.

*McCafferty & Noyes,* for appellants.

*James E. Markham,* for respondent.

VANDERBURGH, J. 1. Plaintiff took passage on one of defendant's street cars in the city of St. Paul on the morning of March 12, 1892, to be transported to his place of business. The evidence tended to show that the car was so crowded that he could not find a seat inside of the car, and therefore he remained standing upon the platform with several other passengers, with the knowledge of the conductor, and, as the car proceeded, other passengers crowded onto the platform; that the servants of the defendant in charge of the car so managed and operated the same as to cause or permit it to run at an unreasonable and dangerous rate of speed as it approached a curve in the track, and neglected to check or slacken the same in season, so that in turning the curve the shock of the car against the

track caused the crowd on the platform to sway towards the gate on the outside thereof, breaking off the hinges, and causing plaintiff to fall off through the opening, upon the ground, upon his head and back, resulting in the injuries complained of. The evidence also tended to show that it was usual to slacken the speed of the car on approaching the curve, and that it was negligence not to do so, especially when the platform was occupied with passengers, and that in this instance also it was negligent management not to do so. And, if there was any evidence showing contributory negligence on plaintiff's part, it certainly was not conclusive, but that question also was for the jury.

2. In the course of the trial the physician who attended plaintiff, and who was well acquainted with the character, extent, and effect of the injuries suffered by him, was called and examined as a witness in his behalf. After having testified fully as to the result of his examination and observation of the plaintiff subsequent to the time of the injury, he was asked the following question by the plaintiff's counsel: "State whether or not, at the time you commenced to treat him, he was suffering any pain from these injuries." This question the plaintiff was permitted to answer against the objection of the defendant, and in response thereto he stated, "He said he was." The refusal of the court to strike out this answer is assigned as error. This answer was not responsive to the question put to the witness, and was not strictly proper. But the error was clearly not prejudicial. The question was a proper one at that stage of the examination. It called for the opinion of the witness, not the statements of the patient; but the statement was clearly connected with his examination of the plaintiff's injury, and may be taken as a part of it. The subject was carefully considered in *Johnson* v. *Northern Pacific R. Co.*, 47 Minn. 430, (50 N. W. Rep. 473,) and the rule there stated is supported by the weight of authority; that is to say, it is competent for physicians to give to the jury their opinions, based on a personal examination of the patient, and on statements made by him at the time, touching his present bodily condition, and such statements are admissible as a part of his evidence. Rog. Exp. Test. 115, and cases.

3. The court did not err in refusing to set aside the verdict as excessive. The evidence tended to show that the injury was serious, and it was uncertain when, if at all, the plaintiff would fully recover.

We see no good reason for directing a new trial, and the order denying it is accordingly affirmed.

(Opinion published 55 N. W. Rep. 57.)