MATTIE MILLER v. ST. PAUL CITY RAILWAY COMPANY.[1]

Oct. 15, 1895.

Nos. 9554—(56).

**Motion to Strike out Evidence—Sufficiency.**

*Held*, that a motion of the defendant herein to strike out certain testimony was sufficiently specific to inform the trial court as to what evidence it referred.

**Medical Expert—Basis of Opinion.**

*Held*, that it is not competent for a medical expert to give in evidence an opinion as to the cause of a person's physical condition or injuries,

[1] Reported in 64 N. W. 554.

based in part upon information which he has derived from private con-
versations with a third party.

Appeal by plaintiff from an order of the district court for Wash-
ington county, Williston, J., granting a motion for a new trial. Af-
firmed.

*J. N. Castle*, for appellant.

*Munn, Boyesen & Thygeson*, for respondent.

START, C. J.[2]   This action was brought for the recovery of dam-
ages alleged to have been sustained by the plaintiff while a pas-
senger on one of the defendant's cars, by reason of its negligence
in operating the same.   Verdict for the plaintiff for the sum of
$9,500, and from an order granting a new trial the plaintiff ap-
pealed.

Upon the trial it was an important and disputed question whether
or not the plaintiff's then physical condition was caused by the in-
jury she received on the car.   The plaintiff called Dr. B. J. Merrill,
who made an examination of the plaintiff, for the purpose of qual-
ifying himself to testify as an expert, on the morning of the day he
was called as a witness.   To a question as to what in his judg-
ment was the cause of the then present physical condition of the
plaintiff (which was objected to by defendant, and an exception tak-
en), he answered, "I can conceive that a severe injury might set up
a train of symptoms which would result in the present condition."
The next question was, "And, in your opinion, did?"   He answered,
"My judgment, in view of the symptoms outlined by Dr. Marshall, is
that it undoubtedly had a causative effect."   Upon his cross-ex-
amination he was asked the questions, and gave answers thereto,
as follows:   "Q. Then do I understand you, doctor, to say that your
opinion that you have expressed is based entirely upon something
outside of her unsworn statement, or the statement of some one
else?   A. It is based on my examination and the testimony or the
statement and the history of the case given by the attending physi-
cian, Dr. Marshall.   Q. A statement made to you when?   A. At the
time I examined her.   Q. That is, this morning?   A. Yes, sir.   Mr.
Thygeson:   Now I move to strike out the testimony of this witness

[2] Buck, J., took no part.

for the reason that it appears to be based in part upon the unsworn statements of Dr. Marshall. The Court: The motion will be denied. Exception for the defendant." The trial court granted the motion for a new trial for the reason that it erred in denying the defendant's motion. Counsel for plaintiff urges two reasons why the order should be reversed:

First. That the motion was too broad, in that it included all of the testimony of the witness, a portion of which, as he claims, was undoubtedly competent.

Construing the motion technically, this claim is correct, but manifestly such is not its proper construction. It is evident that, by the word "testimony," as used in the motion, reference was made to the testimony of the witness as to his opinion, and not to all of his testimony. This is apparent from the testimony which immediately preceded and was the inducing cause for making the motion, and from the reason assigned for making it, viz. "that it (the opinion) appears to be based in part upon the unsworn statements of Dr. Marshall." It is obvious that the trial court so understood it, else a new trial would not have been granted for this reason. The motion was sufficiently specific to inform the court as to what evidence it referred.

Second. That the court did not err in denying the motion to strike out the evidence, for the reason that the opinion evidence was competent.

In support of this contention he relies upon the cases of Jones v. Chicago, St. P., M. & O. R. Co., 43 Minn. 279, 45 N. W. 444; Johnson v. Northern Pac. R. Co., 47 Minn. 430, 50 N. W. 473; Brusch v. St. Paul City Ry. Co., 52 Minn. 512, 55 N. W. 57; Cooper v. St. Paul City Ry. Co., 54 Minn. 379, 56 N. W. 42. These cases hold that a physician may give his opinion of the physical condition of a patient after an examination of him, although it is based in part on the statement of the patient, made at the time, as to his suffering and symptoms. Rogers, Exp. Test. § 47. The reason for this rule is that the physician must oftentimes of necessity take into consideration such statements in reaching a conclusion as to the physical condition of the patient and the nature and extent of his malady or injury. The rule must be applied with caution, and not extended beyond the reason and necessity upon which it rests. Ashland v.

Marlborough, 99 Mass. 47. In the case at bar, the opinion objected to did not relate solely to the physical condition of the plaintiff, or the nature of her disease, but to the cause of her condition; and the statement upon which it was in part based was not that of the patient herself, but upon the statement and history of the case given by a third party when the witness examined the plaintiff. Clearly, the cases relied upon have no application to this case, where the opinion in part was based upon a mere narration of past events, made by a third party out of court and not under oath. It is settled beyond controversy that a medical expert cannot be allowed to give his opinion on information which he has obtained out of court from third parties other than the patient. Rogers, Exp. Test. § 46. It follows that the evidence which the defendant asked the court to strike out was incompetent, and of a character well calculated to injure the defendant, and that the trial court erred in its ruling whereby the evidence was permitted to stand for the consideration of the jury. The court having granted a new trial because of this error, and for the purpose of correcting it, we are of the opinion that it was authorized and fully justified so to do, in its discretion, if not legally bound to do it.

Order affirmed.

CANTY, J. I concur in the foregoing opinion, except so far as it holds that the motion to strike out Dr. Merrill's testimony was not a motion to strike out all of his testimony, and am of the opinion that the trial court did not err in denying that motion for the reason that some of that testimony continued to be competent. But I am also of the opinion that, if the trial court believed that injustice had been done by permitting the incompetent portion of the evidence to stand, it could, in its discretion, grant a new trial, even though the defeated party was not entitled to such new trial as a matter of right. The trial court has a discretion in reviewing its own proceedings and the inadvertence of its attorneys, resulting to the prejudice of either party, which an appellate court has not.