DELAWARE, L. & W. R. CO. v. ROALEFS.

(Circuit Court of Appeals, Third Circuit. October 28, 1895.)

No. 9.

1. HEARSAY EVIDENCE—DECLARATIONS TO PHYSICIAN.

In an action for personal injuries, it appeared that a year after the accident, when plaintiff's condition had much improved, and while under the care of another competent physician, he called on a physician of great reputation as a medical expert, made certain statements as to his condition and symptoms, and requested an opinion and physical examination. This expert was produced on the trial, and his evidence was mainly relied on by plaintiff on the question of his injuries. *Held*, that these circumstances showed that plaintiff called on the expert physician merely to qualify him to testify in his favor, and that hence his statements to the latter were inadmissible.

2. EXPERT OPINION—ERRONEOUS ADMISSION—NECESSITY OF CHARGE.

Plaintiff's declarations to the physician having been wrongly admitted, and the physician having testified as to his opinion as to plaintiff's condition and the future consequences of the injuries, based on the declarations and a physical examination, it was error to refuse to charge that such opinion was to be disregarded by the jury unless all the declarations by plaintiff to the physician were proved to be true.

In Error to the Circuit Court of the United States for the District of New Jersey.

This was an action by Andrew Roalefs against the Delaware, Lackawanna & Western Railroad Company. There was a judgment for plaintiff, and defendant brings error.

John W. Griggs, for plaintiff in error.

Joseph Coult and James E. Howell, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

BUTLER, District Judge. The plaintiff sued to recover compensation for injuries sustained in an accident, while on the defendant's train. Liability was not denied, and the only contest was over the amount due. The plaintiff having called Dr. Hamilton (who had examined him professionally a year after the accident), asked him to state the plaintiff's declarations at the time, respecting his condition and symptoms past and present, together with the witness' opinion based on these declarations and his own personal observations. The defendant objecting, the court overruled the objection and noted an exception. The doctor proceeded to detail the declaration, and his observations, and to state his opinion of the plaintiff's condition at the time, and the probable future consequences of his injuries. After the testimony had closed the defendant requested the court to charge:

"(1) That the opinion of Dr. Hamilton being based upon the statements of the plaintiff, in connection with a physical examination, it is to be disregarded by the jury, unless all the statements made to him by the plaintiff are proven to have been true."

This request the court refused. The admission of the testimony and the refusal to charge as desired are assigned as error.

The declarations of a patient to his physician respecting his condition and symptoms at the time of seeking medical aid, are admissible as evidence in his behalf, under a well-settled exception to the rule excluding "hearsay." (They do not belong to the class of declarations and expressions admissible as res gestæ, and should not be, as they sometimes are, confounded with them.) The exception originally rested on the ground first, that as the common law forbade parties testifying, the facts involved could not be proved in any other way, and second, that the patient's interest in the physician's opinion precluded danger of falsehood. The modern practice of admitting parties as witnesses has removed the first of these grounds; but this is not considered a sufficient reason for excluding the testimony. Railroad Co. v. Urlin, 158 U. S. 271 [15 Sup. Ct. 840]. To render it admissible, however, the plaintiff must establish the fact on which the exception rests—that is that the declarations were made when seeking medical aid. Here this fact is not proved. It appears simply that the plaintiff called on the doctor a year after the accident, when his condition had much improved, made the declarations, and requested an opinion based upon them and a physical examination. We think the inference is irresistible that

he did not call to consult the doctor with a view to medical aid; but to employ and qualify him as an expert, to assist in maintaining the pending suit. The time at which and circumstances under which, the call was made—the fact that he was under the care of another competent physician, and that Dr. Hamilton, who has great reputation as a medical expert, was produced as such on the trial, and his testimony mainly relied upon in this respect—forbids any other conclusion. It follows that the testimony should have been excluded. Barber v. Mirriam, 11 Allen, 322; Railroad Co. v. Huntley, 38 Mich. 537. Still the question arises was its admission prejudicial to the defendant? A harmless error is not sufficient cause for reversal. The doctor's opinion might have been taken hypothetically—based on his observations, and the facts embraced in the plaintiff's statements. Whether the admission of such opinion should follow or precede proof of the supposed facts would have been matter of discretion; but until the facts were proved the opinion could not be considered; and if its admission preceded the proof it should have been ruled out if the proof did not follow. If therefore the court had charged the jury to disregard the opinion of Dr. Hamilton unless it found the plaintiff's declarations proved, the error in admitting them would have been rendered harmless. This the defendant requested the court to do. The request was, however, refused. It is plain from what the court said that it proceeded with the understanding that the declarations must be proved to give *full* effect to the opinion, but that *some* effect should be given to it though they were not so proved; and that in the latter case the jury should determine how much. The court said:

"Now gentlemen, I feel it to be my duty to say to you that so far as those statements which the plaintiff made to the doctor at the time of the examination, have been proved to you by the plaintiff on the stand; you will give them fair credence; you will give them full credence; they are entitled to full belief. But if he stated anything to Doctor Hamilton which he has not proved upon the stand, you will instantly see that Doctor Hamilton's opinion may have been based upon some wrong theory. It is a question of evidence, gentlemen, and I must leave it to you.

"I do not intend to go over this evidence at all. It is all fresh in your mind. Did Mr. Roalefs make any statement to Doctor Hamilton, upon which Doctor Hamilton based his opinion, which he did not state here upon the witness stand? If he did, then Doctor Hamilton's opinion is based upon statements that have not been proved to you, and therefore it could not have as much weight with you—ought not to have as much weight with you as if the opinion of Doctor Hamilton were based solely upon his own observation."

In answer to the point requesting instruction to disregard the opinion if the declarations were not found to be proved, the court said:

"I decline to charge that, gentlemen. I have already charged you pretty fully upon that point; at least, as fully as I desire to. I simply say that the jury will give Doctor Hamilton's testimony such weight as it is entitled to under the circumstances. If you are satisfied that Dr. Hamilton's opinion has been based upon perfectly true statements of the plaintiff, and the plaintiff has proved those facts before you, you will give it full weight. If, on the contrary, you think those statements have not been fully proved before you, of course it will detract from the weight of Dr. Hamilton's opin-

ion, because, as I have already said to you, his opinion is based not only upon his own examination, but also upon the statements made to him by the plaintiff."

This was error, which instead of curing the injury inflicted by admitting the declarations, tended to aggravate it. The opinion of the doctor is indivisible; it must be accepted or rejected as a whole; there is nothing to indicate how much it rests on the declarations, and how much on personal observation. The jury should not have been allowed to guess what it would have been in the absence of the declarations, or any part of them, and to estimate its value accordingly. Yet the effect of the charge was we think to do this. We do not suppose the court intended it, but that it is the result of inadvertence, such as might readily occur in the haste of trial. It was, however, none the less misleading; and the judgment must therefore be *reversed*.