## LOUISA GASINK v. CITY OF NEW ULM.[1]

April 29, 1904.

Nos. 13,739—(7).

**Evidence.**

Evidence considered, and *held* sufficient to sustain a verdict in favor of plaintiff.

**Same.**

Alleged errors in the reception of testimony examined, and *held* not prejudicial.

Appeal by defendant from an order of the district court for Brown county, Webber, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $1,000. Affirmed.

*Jos. A. Eckstein,* City Attorney, for appellant.

*Hoidale & Somsen,* for respondent.

LOVELY, J.

This action is for injuries sustained by plaintiff from a fall upon a sidewalk in New Ulm, arising from its alleged imperfect and defective condition. The complaint sets forth actionable negligence on the part of the city, through failure to repair the walk after knowledge of its condition, which was denied. There was a recovery. A motion for judgment notwithstanding the verdict or for a new trial, in the alternative, was refused, and defendant appeals.

A careful and considerate examination of the evidence leads to the conclusion that it was sufficient to sustain the plaintiff's claim that the walk over which she was passing when injured had been in a defective and imperfect condition for a sufficient length of time to charge the city with notice thereof, as also that plaintiff was herself exercising the ordinary care bestowed by pedestrians at such places, as well as upon all other questions of fact presented by the issues which are usually involved in such controversies; and we cannot say that the verdict was in these respects so manifestly against the weight of evidence as to

[1] Reported in 99 N. W. 624.

require that judgment should have been ordered for the defendant by the trial court.

Numerous errors have been assigned, but a critical review of the same requires the notice of but two that suggest any doubt of the propriety of the rulings of the court upon the admission of evidence; and, as to these, we are satisfied that they were not of sufficient weight or importance to demand a new trial.

The evidence tended to show that, shortly after the plaintiff was injured, she suffered a miscarriage, which it was claimed was the result of the accident. In answer to questions of her counsel, plaintiff was permitted to state, in substance, that she was desirous of bearing children; and it is urged in behalf of defendant that plaintiff's loss of capacity in this regard, and its incidental effect upon her mind, tended to show such mental depression as to have materially enhanced the size of the verdict. If this was the natural result of this evidence, we should regard the error as serious, but we are unable to give it such effect in this case. Under the testimony, the pain and suffering sustained were of a serious character, indicating permanent disability. The award of the jury was $1,000, which was moderate, in view of the evidence, tending to show substantial damages, which the jury must have found plaintiff was entitled to receive, if anything; and it does not seem possible that the testimony of the injured lady tending to show mental suffering by reason of her loss of capacity to bear children could have had any appreciable effect upon the amount of the verdict.

Another objection which we regard it as our duty to notice is based upon an opinion given by the physician who attended the plaintiff during her sickness subsequent to the injury. It appears generally that he heard all the material testimony given, and plaintiff's account of her symptoms during his clinical treatment of her case, and was thereupon asked this question:

> Now, basing your opinion on her [plaintiff's] testimony and the history of the case, and the conditions as you found them, how long, in your opinion, had that fœtus been dead at the time of the miscarriage?

It is earnestly insisted that the testimony upon which the medical witness gave his opinion in answer to this question included not only

the account of plaintiff's symptoms and suffering during the medical treatment by the witness, but permitted him to form a judgment upon any history of the case which he might have derived from accounts not included in the testimony, of which the defendant's counsel were not apprised during the course of the trial, or in the legitimate examination of witnesses therein. This question and its answer, standing alone, might justify such criticism; but a thorough review of all the evidence, which embraces a full account of the conditions upon which the witness must have based his judgment in answering the question, we think conclusively shows that the history of the case referred to was of facts detailed at the trial, and that no other inference can be drawn therefrom. We have already held that the opinion of a professional medical expert in matters pertaining to his special knowledge may be based upon a description of the physical conditions of a person which have been detailed in evidence, or based upon hypothetical questions embracing the substantial facts upon which such an opinion is required. Jones v. Chicago, St. P., M. & O. Ry. Co., 43 Minn. 279, 45 N. W. 444; Johnson v. Northern Pacific R. Co., 47 Minn. 430, 50 N. W. 473; Cooper v. St. Paul City Ry. Co., 54 Minn. 379, 56 N. W. 42; Skelton v. St. Paul City Ry. Co., 88 Minn. 192, 92 N. W. 960. While the question to which objection has been made should have been limited distinctly to what was received at the trial, in view of the entire evidence we are satisfied that the course pursued by the trial court in the respects noted could not have been legally injurious to the defendant.

The order denying motion for judgment or for a new trial must be affirmed.

Order affirmed.