A. L. M. DECKER v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.[1]

July 26, 1907.

Nos. 15,092—(64).

**Railway Mail Clerk—Negligence.**

The plaintiff was a railway mail clerk in the service of the United States, and as such had charge of the mails carried in a mail car by the defendant. This is an action to recover damages for personal injuries sustained by the alleged negligence of the defendant in not keeping the door of the car in such condition that it could be closed, whereby he contracted a cold and was made seriously ill. *Held*:

(1) The plaintiff was a passenger on the mail car, and the defendant owed to him the same duty that it would to a passenger for hire therein.

(2) The questions of the defendant's negligence, and whether it was the cause of the plaintiff's illness, and of his contributory negligence, were made by the evidence questions of fact.

(3) There were no reversible errors committed by the trial court, either in its rulings as to the admission of evidence or in its charge to the jury.

(4) Getchell v. Hill, 21 Minn. 464, as to the form and substance of hypothetical questions, followed.

Action in the district court for Faribault county to recover $2,000. The case was tried before Quinn, J., and a jury which rendered a verdict in favor of plaintiff for $1,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Andrew C. Dunn,* for appellant.

*Lovely & Dunn* and *F. E. Putnam,* for respondent.

START, C. J.

On February 10, 1905, the plaintiff was a railway mail clerk in the service of the United States, and as such had charge of the mails carried on that day by the defendant for the United States from Jackson, this state, to La Crosse, Wisconsin, in a mail car furnished for that purpose by it. He brought this action to recover damages for per-

[1] Reported in 112 N. W. 901.

sonal injuries which he alleges he sustained by reason of the negligence of the defendant in furnishing a defective mail car, the door of which could not be closed, for his use as such postal clerk, and that by reason of the door of the car being open he contracted a severe cold and was permanently injured. The answer admitted that the defendant was a railway corporation and operated a line of railroad from Jackson to La Crosse, that it was engaged in transporting the mails of the United States over such line, as alleged in the complaint, in a car furnished by it for that purpose, and that the plaintiff was a mail clerk in charge of the mails in such car, and was transported therein on February 10, 1905, but denied all the other allegations of the complaint. The plaintiff had a verdict for $1,000, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The defendant, in support of its claim that upon the record it was entitled to a directed verdict, hence judgment absolute should be ordered in its favor, contends:

> (1) That the evidence failed to establish any negligence on the part of the defendant; (2) that the evidence failed to show any contractual relations to have existed between the plaintiff and the defendant, as alleged or otherwise; (3) that there was a total failure to establish the cause of action set up in the complaint, or to establish any cause of action in favor of the plaintiff and against the defendant; (4) that the undisputed evidence conclusively showed contributory negligence on the part of the plaintiff.

It was alleged in the complaint that the defendant, at the time therein stated, by virtue of a contract between it and the government of the United States, was required to and did carry and transport the mail over its line in a car provided by it for such purpose, and that a postal clerk was to be carried therein by virtue of such contract. The answer admitted that the defendant was engaged in transporting the mails over its line, as alleged in the complaint, in a car furnished by it for that purpose, and that the plaintiff was a mail clerk in charge of the mails in the car. Such being the admitted facts, the plaintiff

was a passenger on the mail car, and the defendant owed to him the same duty it would to a passenger for hire therein. 3 Thompson Neg. § 2649; 5 Am. & Eng. Enc. (2d Ed.) 511; 6 Cyc. 542.

The defendant's first and third claims are practically one; that is, that the evidence failed to establish the alleged negligence of the defendant or any cause of action against it. The evidence relevant to this claim was radically conflicting, and, if it were simply a question of the preponderance of the evidence, the defendant might well claim that the question should be answered in its favor. The jury, however, found in favor of the plaintiff, and the only question is whether there was evidence fairly tending to support their finding. The evidence on the part of the plaintiff tended to show that the doors on each side of the railway car, which the plaintiff was required to open and close at each station for the purpose of putting off and taking on mail, were, especially one of them, so warped and out of condition as to make it difficult to open or close them; that the door on the south side of the car on the day in question was in such a defective condition that it could not be closed, and it remained open four to six inches, through which the wind came into the car, making it very cold, the weather being stormy and extremely cold; that the defendant had notice of the condition of the door, the plaintiff having notified the defendant's carpenter, inspector, and conductor of the defect; that the character of the plaintiff's work required him to work without overcoat or mittens; and that as a result of such exposure he became and was seriously ill. The evidence on the part of the defendant tended to show that both of the doors of the car were in good condition and could be readily closed; that the plaintiff did not notify the defendant's carpenter, inspector, or conductor of any alleged defect in the doors; and that the plaintiff's illness did not result from his alleged exposure, but from his age and prior impairment of his health. It would serve no useful purpose to recite the evidence on each side and discuss it. We have fully considered the record and briefs of counsel, and have reached the conclusion that the question of the defendant's negligence and whether it caused the illness of the plaintiff, under the evidence, was one of fact. The question of the plaintiff's contributory negligence was also a ques-

tion of fact, in view of his exacting and continuous duties as mail clerk.

The alleged errors urged as a reason why the defendant should be awarded a new trial relate to the rulings of the court on the admission of evidence and its instructions to the jury. The plaintiff called two physicians, who were examined as experts with reference to the cause of his injury. The hypothetical question put to each of them assumed that the evidence heard by them was true. Each question was objected to by the defendant as incompetent, irrelevant, and immaterial, and no proper foundation laid. The objection was overruled, and the ruling assigned as error. The questions were in form and substance substantially correct and in accordance with the rulings of this court. Getchell v. Hill, 21 Minn. 464; In re Will of Storer, 28 Minn. 9, 8 N. W. 827; Peterson v. Chicago, M. & St. P. Ry. Co., 38 Minn. 511, 39 N. W. 485; Jones v. Chicago, St. P., M. & O. Ry. Co., 43 Minn. 279, 45 N. W. 444. This is conceded by counsel for the defendant; but he urges that the practice sanctioned by the cases cited is wrong in principle and ought not longer to be permitted. We adhere to our former decisions. None of the other rulings of the trial court as to the admission of evidence was reversible error.

The other alleged errors relate to the charge of the court to the jury. The jury were instructed that the alleged contract between the defendant and the United States for the carrying of the mails was an admitted fact. This is urged as error. It was not; for, as already stated, the answer admitted that the defendant was transporting the mails, as alleged in the complaint, in a car furnished for that purpose, and that the plaintiff was a mail clerk in charge of the mails in the car. The complaint alleged the contract by virtue of which the mails were carried.

The trial court also instructed the jury that:

> It is the duty of the railroad company to exercise the same degree of care in protecting the plaintiff while riding in its mail car and handling the mail intrusted to him that was due to a passenger on its trains, compatible, of course, with the performance of his own duties as such railway postal clerk while the train is in motion; and this degree of care extends

to the obligation to furnish mail cars with suitable doors, and keep them in such repair and condition that they could be opened and shut with reasonable facility, and in this respect it was required to exercise the highest degree of care. * * * So you see, gentlemen, the main and controlling question for you to determine in this case is: Did the defendant company fail to exercise the highest degree of care, skill, and foresight of which it was capable in providing a door that could be opened and shut with reasonable facility, so as to prevent the incursion of cold into such mail car while the same was in motion? And, if so, then did the plaintiff, without any fault or neglect on his part, suffer damages as the result of such negligence on the part of the defendant company?

The defendant insists that the giving of these instructions was error, because it imposed upon the defendant a higher degree of care than the law requires, which is care commensurate with the danger to be provided against; that is, such care as is usual in mail cars. The instructions were correct; for it is clear from the whole thereof that the highest degree of care on the part of the defendant was limited to the furnishing and providing of suitable doors for the mail car and keeping them in such repair that they could be opened and shut with reasonable facility so as to prevent the incursion of cold into the car. This was as favorable to the defendant as it was entitled to have it, for the plaintiff was a passenger on the car.

We find no reversible errors in the record.

Order affirmed.