ITASCA LUMBER CO. v. MARTIN.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1916.)

No. 4458.

1. TRIAL ⊚══82—RECEPTION OF EVIDENCE—OBJECTIONS.

Plaintiff had been purchasing millwood from defendant, and had become largely indebted to defendant. He conveyed all of the millwood then owned by him to defendant on June 17, 1911, and took in return a written agreement giving him an option to purchase it at $1.25 a load. He sued defendant, alleging a subsequent oral contract by which he was to sell the millwood for defendant and receive for his services and expenses the proceeds above $20,000. Defendant denied the oral agreement, and alleged that when the sale of the wood to it was made plaintiff was indebted to other persons, and that in consideration of the bill of sale it promised to pay his other debts. Plaintiff denied that defendant agreed to settle or pay any such debts. On redirect examination he testified, over the objection that it was improper and no part of the case, that other creditors were not provided for in the bill of sale. *Held*, that the objection that the evidence was improper was under the circumstances too general and uncertain upon which to found a fatal error, as it could not have been clear to the court what the basis of the objection was.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 194–210; Dec. Dig. ⊚══82.]

2. WITNESSES ⊚══286(2)—EXAMINATION—REDIRECT EXAMINATION.

The admission of the testimony on plaintiff's redirect examination was within the discretion of the trial court.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. ⊚══286(2).]

3. APPEAL AND ERROR ⊚══882(6)—ESTOPPEL TO ALLEGE ERROR—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

The objection that the evidence was no part of the case was untenable, as it was relevant to a direct issue tendered by defendant, and there was no error in receiving the testimony, especially as the bill of sale itself showed that there was no provision for other creditors.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⊚══882(6); Pleading, Cent. Dig. § 1145½.]

4. TRIAL ⊚══60(1)—RECEPTION OF EVIDENCE—PRELIMINARY PROOF.

Plaintiff sued defendant on an alleged oral agreement made June 26, 1911. Defendant denied the making of the oral agreement, and relied upon a written agreement made on June 17, 1911. Over the objection that no proper foundation was laid as to time, M. was permitted to testify to a conversation he had with defendant's manager in plaintiff's presence, which he stated occurred, to the best of his recollection, between June 1st and 15th. Plaintiff, however, had previously testified that this conversation occurred on June 26, 1911. *Held* that, though the evidence was incompetent if the conversation was prior to June 17th, because all negotiations prior to that date were merged in the written agreement, there was no error in overruling the objection, in view of plaintiff's testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 141–143; Dec. Dig. ⊚══60(1).]

5. TRIAL ⊚══75—RECEPTION OF EVIDENCE—FAILURE TO OBJECT.

The admission of M.'s testimony was not error, even though it was irrelevant and immaterial, where plaintiff's testimony regarding the conversation was introduced without objection, and no objection or motion to strike out for irrelevancy or immateriality was ever made during the trial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 171–182, 252; Dec. Dig. ⊚══75.]

⊚══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by John A. Martin against the Itasca Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Ernest C. Carman, of Minneapolis, Minn. (R. J. Powell, of Minne apolis, Minn., George T. Simpson, of St. Paul, Minn., and Gordon Cain, of Minneapolis, Minn., on the brief), for plaintiff in error.

Albert H. Hall, of Minneapolis, Minn. (Hall & Tautges, of Minneapolis, Minn., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-BER, District Judge.

SANBORN, Circuit Judge. Counsel for the Itasca Lumber Company, the defendant below, rely upon two alleged errors in the admission of testimony for a reversal of the judgment against it in this case. The first is that over the objection that the testimony was "improper, no part of the case" the court permitted the plaintiff Martin to testify that "all his creditors outside of the notice to the Itasca Lumber Company were not provided for at all in the bill of sale." The bill of sale referred to was made and dated on June 17, 1911. By it Martin, who prior to that date had purchased of the lumber company all its output of millwood from its sawmills and had become indebted to it in more than $20,000, conveyed to the lumber company all the millwood he owned, said to have been over 20,000 loads, and took from it in return a written agreement dated on that day whereby it agreed to sell to him for $1.25 a load from time to time such parts of this wood as Martin should purchase and pay for daily with cash. Martin had alleged in his complaint that the Lumber Company agreed that he should have the exclusive sale of this millwood and that he should receive for his services as salesman and his expenses all the proceeds of the wood above $20,000, interest on that sum, rental of the woodyard and services of the foreman; that he was daily to pay to the Lumber Company $1.25 for every load he sold; that on July 27, 1912, the company agreed that henceforth he should account and pay over only $1 per load for the wood he sold and that under this agreement and his execution of it there had become due to him a balance of $6,292 and interest. The Lumber Company in its answer denied that it had made any agreement to give him the exclusive sale of the wood, or any other agreement, except the written agreement of June 17, 1911, to give him an option to purchase the wood at $1.25 per load and the modification of that option of July 27, 1912, to the effect that thereafter it would permit him to purchase the wood for $1 per load cash. It alleged that at the same time that it gave this written agreement of option Martin gave his bill of sale of all the wood to it, and that at the same time Martin was indebted to persons other than the defendant and that in consideration of his bill of sale the Lumber Company promised to pay, and subsequently did pay, the debts of the plaintiff to other persons. The plaintiff in his reply alleged that the defendant at the time said bill of sale was made knew that he was indebted to numerous creditors, but that it did not agree to settle or pay any of his

debts, except a few items of wages and expenses upon the woodyards. He denied that there was ever any agreement of sale of the wood to him after June 17, 1911, or any agreement about it except that stated in his complaint which he alleged was made subsequent to June 17, 1911.

[1-3] The case was tried under these pleadings. When the objection was made to the evidence challenged Martin had testified that on June 26, 1911, nine days after the bill of sale and the agreement of option of June 17, 1911, the Lumber Company had orally made the agreement that he should have the exclusive sale of the millwood on the terms stated in his complaint. He had been cross-examined and his testimony that all his creditors outside of the notice to the Itasca Lumber Company were not provided for at all in the bill of sale was introduced on his redirect examination. The only objections to it were that it was "improper and no part of the case." The objection that it was improper was, under the circumstances of this case, too general and uncertain upon which to found a fatal error. It could not have been clear to the court what the basis of this objection was. It might have been that it was improper to introduce this testimony on redirect examination, and if that was the objection, its admission was within the discretion of the trial court. The objection that it was "no part of the case" was untenable by the defendant because it had pleaded and tendered the issue on its own averment that it had assumed at the date of the bill of sale and had subsequently paid the debts of Martin. When this testimony was received the trial was opening, the first witness was on examination, the testimony challenged was relevant to a direct issue that the defendant had tendered, and for the reasons already stated and because the bill of sale itself showed that there was no provision for the other creditors of Martin in the bill, there was no error in receiving the testimony.

[4] The second alleged error is that over the objection "no proper foundation is laid as to time," the court permitted the witness Marsolais to testify to a conversation he had with Gearhard, the manager of the Lumber Company, in the presence of Martin to the effect that Gearhard asked Marsolais to buy the millwood, that Marsolais offered to take it at sixty cents per load, that Gearhard refused to sell at that price but offered to sell for ninety cents a load, and Marsolais declined to accept that offer. The point of the objection was that this conversation was a part of the talk which led up to one of the contracts. If the conversation was prior to June 17, 1911, it was incompetent because all negotiations prior to that date were merged in the written bill of sale and contract of that day. But if it was on June 26, 1911, and before the oral contract which Martin testified was made on that day with Gearhard, it might be admissible. Marsolais had testified that to his best recollection the conversation occurred between the 1st and the 15th of June, 1911, that he and Martin met Gearhead at the latter's office and the conversation took place then and there, and that he never had but one conversation with Gearhard at which Martin was present. If this had been all the evidence in the case as to the time of this conversation when it was offered there might have been some force in the objection to it. But Martin had previously testified

that this conversation occurred on June 26, 1911, before he made his contract with Gearhard on that day to have the exclusive sale of the millwood. In view of Martin's testimony there was no error in overruling the objection to Marsolais' testimony of the conversation.

[5] In the brief of counsel for the Lumber Company it is said that this conversation was irrelevant and immaterial. If it were, the court below committed no error in receiving it because it was first introduced in evidence in the testimony of Martin in the absence of any objection whatever, and no objection to it or motion to strike it out for irrelevancy or immateriality was ever made during the trial.

The judgment below must be affirmed. And it is so ordered.