GRAND TRUNK PAC. RY. CO. et al. v. TOLLARD (two cases).

(Circuit Court of Appeals, Eighth Circuit. February 9, 1923.)

Nos. 6114, 6115.

1. **Evidence ☞548—Testimony by physician, based on statements during examination for purpose of testifying, is inadmissible.**

Testimony by a physician as to plaintiff's injuries, which was based on no objective appearance, but solely on the statements of plaintiff as to the nature of the injuries, made while the physician was examining her, not for the purpose of treating the injury, but to enable him to testify at the trial, is incompetent.

2. **Appeal and error ☞230—Objection to testimony of physician, based on subjective examination, held made in time.**

Where counsel for the defense objected to testimony of a physician as to the nature of plaintiff's injuries as soon as it was ascertained from him that his examination was based solely on statements made by her and that there were no objective symptoms, the objection was in time to permit a review of the admission of the evidence.

3. **Appeal and error ☞230—Objection after answer is not too late, if not overruled on that ground.**

An objection to evidence, made after the question has been answered, is not too late to preserve the question for review, if the objection was overruled on the ground that the evidence was incompetent, and not on the ground that the objection was too late.

4. **Trial ☞90—Motion to strike evidence admitted over objection is unnecessary.**

After an objection to the admission of incompetent testimony has been erroneously overruled, it is not necessary to move to strike that testimony, any more than to repeat the objection to the same class of evidence.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Separate actions at law by Sarah Tollard and by Fred Tollard against the Grand Trunk Pacific Railway Company and others. Judgments for plaintiff in each case, and defendants bring error. Reversed.

H. V. Mercer, of Minneapolis, Minn. (Hector Baxter, Andrew N. Johnson, and Elias J. Lien, all of Minneapolis, Minn., on the brief), for plaintiffs in error.

William A. Tautges and B. W. Wilder, both of Minneapolis, Minn., for defendants in error.

Before LEWIS, Circuit Judge, and TRIEBER and FARIS, District Judges.

TRIEBER, District Judge. These suits were instituted separately, in No. 6114 by the defendant in error for injuries alleged to have been sustained by her on February 21, 1921, while a passenger on a train of

the Grand Trunk Pacific Railway Company, caused by the railway's negligence, and No. 6115 by her husband for loss of services of his wife, the plaintiff in No. 6114, by reason of these alleged injuries. The two cases were consolidated and tried together by a jury, which returned verdicts in favor of the plaintiff in each case, on which judgments were entered. The parties will be referred to herein as they appeared in the court below.

[1] While there are a number of alleged errors set out in the assignment of errors, we deem it only necessary, in view of the conclusions reached, to notice the alleged errors overruling the objections in behalf of the defendants to the admission of the testimony of Drs. McLaughlin and Parks and permitting them to state their opinions based on statements made to them by plaintiff Sarah Tollard. Each of them testified that they did not treat her as her physician for the alleged injuries, but examined her, Dr. McLaughlin on December 19, 1921, and Dr. Parks on June 29 and December 9, 1921, for the purpose of testifying at the trial, and they based their opinions, as to the effect of the alleged injuries, on Mrs. Tollard's statements made to them when they examined her, and on the testimony given by her in court in their presence, and not on any objective injury. Dr. McLaughlin, after having testified as to her condition when he examined her on December 9, 1921, was permitted to answer, against defendants' objections, when asked by counsel for plaintiffs:

"Basing your answer upon your experience as a physician and surgeon, and upon the examination which you made of the plaintiff, and to which you have testified, and upon her testimony, assuming that to be true, are you able to form an opinion as to what sort of an injury she sustained in that railroad accident?"

His answer was, "Yes." Thereupon counsel for the defendant objected to the question, saying:

"As I understand, there is no subjective injury claimed here, that the doctors saw; I mean no objective (addressing the witness), only subjective, as I understood you to testify."

To which the witness answered:

"Subjective in every way, except the interference with the motion of the arm."

Thereupon counsel for defendants renewed his objection, which was by the court overruled, and an exception saved. The same question was asked again several times, and the objections of counsel for defendants overruled, and proper exceptions saved. The following questions were asked him by counsel for defendants and answered:

"Then you did not find any objective symptoms of tenderness of this plaintiff? A. No, sir. Q. No black and blue spots? A. No, sir. Q. No contusions or anything of the sort? A. No evidence of any; no, sir. Q. And your testimony as to that tenderness or soreness has to depend upon what she told you? A. Yes, sir. Q. And not upon anything you could see yourself? A. Not definitely; no, sir. Q. Then your opinion that you have given us about her condition, what she has suffered, and what she will suffer, I suppose, is based primarily upon the subjective symptoms? A. It is the principal foundation for the opinion." (Objections overruled.)

Dr. Parks' testimony was also based solely on a subjective examination and what he was told by Mrs. Tollard. Objections on behalf of the defendants to his testimony were also overruled, and exceptions saved. That this evidence was clearly inadmissible has been decided a number of times by this court. Union Pacific Railroad Co. v. Mc-Mican, 194 Fed. 393, 114 C. C. A. 311, and authorities there cited; Kansas City Southern Railway Co. v. Clinton, 224 Fed. 896, 140 C. C. A. 340. This is the rule recognized generally. Delaware Railroad Co. v. Roalefs, 70 Fed. 21, 16 C. C. A. 601; Miller v. St. Paul City Ry., 62 Minn. 216, 64 N. W. 554; Biddle v. Riley, 118 Ark. 206, 216, 176 S. W. 134, L. R. A. 1915F, 992; 4 Chamberlayne on Evidence, p. 3595, and the numerous authorities there cited. Counsel for plaintiffs in their briefs do not question the correctness of this contention, but claim that the objections to their evidence were not made in time.

[2] The record fails to sustain this contention. As soon as it was ascertained from Dr. McLaughlin that his examination of Mrs. Tollard was based solely on the statements made by her, and that there were no objective symptoms which he noticed, counsel objected; and as to Dr. Parks' testimony the objection was made when he was for the first time asked to give his opinion based on his examination of Mrs. Tollard.

[3] Nor is it too late to make the objection after the witness had answered the incompetent question, "if the court did not overrule the objection because it was not taken in time, but because it deemed the evidence competent." Lucas v. United States, 163 U. S. 612, 618, 16 Sup. Ct. 1168, 1170 (41 L. Ed. 282). The learned trial judge overruled the defendants' objections to this testimony solely on the ground that in his opinion the testimony was admissible. The contention on the part of plaintiffs that the objections were too late, was raised for the first time in this court.

[4] Nor is it necessary after an objection to the admission of incompetent testimony has been erroneously overruled, to move to strike that testimony, no more so than to repeat objections to a class of evidence, after an objection has once been overruled. Salt Lake City v. Smith, 104 Fed. 457, 470, 43 C. C. A. 637.

The court erred in the admission of the testimony, and the judgments in both actions are reversed.

FARIS, District Judge (concurring). Upon argument and tentatively, I was of the opinion that while the testimony of Dr. McLaughlin was inadmissible and hurtful, and therefore erroneous, yet that the objection to it was made after answer, and without a motion to strike the answer out, and so came too late. A more careful reading of the record convinces me that this tentative view was as to the facts incorrect. An entirely sufficient objection was made before this witness answered and gave the inadmissible testimony. I adhere to the tentative view (now, however, become merely academic) that, if no objection had been made to the testimony of Dr. McLaughlin, then

a subsequent objection to the same sort of testimony, given by Dr. Parks, would be unavailing, since, from the failure to object when the inadmissible testimony first came in, waiver would be presumed. For the rule, fairly well settled elsewhere, seems to prevail in the federal courts that, unless objection is made to incompetent and inadmissible testimony when it first comes into a case, the subsequent admission of other testimony of like character on the same point, even though objected to, is not error; for in such event, there is a waiver by him who latterly objects. New York, etc., Co. v. Blair, 79 Fed. 896, 25 C. C. A. 216; Itasca Lumber Co. v. Martin, 230 Fed. 584, 144 C. C. A. 638. Ordinarily an objection made after a question is answered comes too late, absent a motion to strike out. Dinet v. Rapid City, 222 Fed. 497, 138 C. C. A. 93.

So, bottoming my concurrence on the sole ground that the testimony was inadmissible, and there was a timely objection made thereto, I concur in the result of the opinion.