## Charles Mulvey Manufacturing Company et al., Appellees, v. Frederick W. McKinney et al., Appellants.

### Gen. No. 17,368.

1. APPEALS AND ERRORS—*when brief does not conform to rules.* An argument unaccompanied by a proper statement of facts and a list of authorities relied upon, is not a brief within the meaning of the rules of the First District.

2. APPEALS AND ERRORS—*when assignments of error informal.* A general assignment of "manifest error" followed by specifications beginning with the word "because," is informal and improper.

3. LANDLORD AND TENANT—*when assignment of lease subject to equities.* An assignment by a lessor of all his interest in a lease transfers the same subject to existing equities.

4. LANDLORD AND TENANT—*when forfeiture of lease not permitted in equity.* If substantial consideration has been paid to the lessor by the lessee in the form of cash and future maturing obligations, the lessor and his assigns taking subject to equities, will not be permitted to declare and enforce a forfeiture without returning the consideration which had been received.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed in part and affirmed in part. Opinion filed May 5, 1911.

CHARLES SCRIBNER EATON, for appellants.

EUGENE STEWART, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court.

A temporary injunction was granted in this case on December 2, 1910, against the defendants, Frederick W. McKinney, People's Trust & Savings Bank, and People's Stockyards State Bank, in and by which each of them was, during the pendency of the suit, "restrained and enjoined from enforcing or attempting to enforce the certain judgment entered in the forcible detainer proceeding commenced by Frederick W. Mc-

Kinney in the Municipal Court of Chicago against said complainants or taking any action thereon or in relation thereto; from causing to be issued any writ of restitution upon said judgment; from attempting to evict said complainants or any of them from the premises occupied by them under the certain lease from Albert L. Berry to them, bearing date, to-wit: August 1, 1907, or from interfering with their possession of said premises in any manner whatsoever; from forfeiting or attempting to forfeit said lease or the rights of the complainants therein, based upon the pretended default in payment of the rent of said premises alleged to be due under said lease for the month of August, A. D. 1908; from prosecuting the certain suit in the Circuit Court of Cook county aforesaid, instituted by the said McKinney against said complainants based upon the certain note for $4,000 purporting to have been executed or endorsed by said complainants; from commencing any suit or proceeding upon said note; from negotiating or disposing of the same or putting it out of their possession and from making any endorsement thereon or any alterations thereof; from tearing up the railroad tracks or fences upon the premises occupied by the said Charles Mulvey Manufacturing Company, or interfering in any manner directly or indirectly with the business or plant of said company or any of said complainants; from causing any writ or other process to be issued or served upon said complainants or any of them, or levied upon the plant of said company for alleged default in payment of rent under the lease from Albert L. Berry to said complainants accruing prior to the date hereof, or concerning any of the matters aforesaid, or from instituting or commencing any suits on the certain bonds or any of them given in the prosecution of the review of a judgment in said forcible detainer proceeding, or taking any steps in relation thereof until the further order of this court; and that the People's writ of in-

junction issue against said defendants as aforesaid.''

On December 3rd the special appearance of the defendant McKinney was entered, and on December 10th a motion made by him to dissolve the preliminary injunction and to dismiss the bill. No answer was filed. The motion was denied and an appeal in conformity with the statute was taken by McKinney from the order granting the injunction and the order overruling the motion to dismiss.

It appears from the record that the title to the real estate covered by the agreement and lease hereinafter referred to, stood in the names of John A. Spoor and Frederick S. Winston, as trustees, who had by written lease demised the same to Albert L. Berry for a term of thirty years, which said lease was assigned to the defendant People's Trust & Savings Bank, of which Spoor and Winston were directors. Whether this term expired in 1935 or 1937 does not clearly appear from the record, but that is unimportant.

On April 23, 1907, a contract was entered into between Albert L. Berry and the appellees, in and by which Berry agreed to lease for a period of ten years 12,000 square feet of ground, that is to say, from June 1, 1907, to May 31, 1917. Berry agreed to erect a two-story building to contain an area of 8,800 square feet. The rental was to be $2,000 per year, payable in monthly installments of $166.66, on or before the fifth day of each month in advance. Appellees agreed to pay Berry $2,000 in installments, the last installment to be paid when the building should be ready for occupancy. This sum was to be applied in payment of the rent for the tenth year of the lease, unless Berry desired to apply it on some year prior thereto. To evidence the payment of the $2,000, Berry was to give his note, which should also be in the nature of a receipt for the year's rent. The note was to bear interest at five per cent. per annum ''up to the beginning of the year which it shall apply as payment for the rent.'' Appellees further agreed to give Berry the promissory

note of the Mulvey Manufacturing Company for the sum of $4,000, due in three years ''From said note,'' and the note was to bear the personal endorsement of the other appellees. The contract recited that ''This note is given for the purpose of assisting the party of the first part to secure funds for the erection of said building already mentioned. Said note is to draw six per cent. interest from date of said note.''

It further appears from the record that the last payment on the sum of $2,000 was made at or about the time that the appellee, the manufacturing company, entered into possession of the premises.

On August 1, 1907, a lease was entered into, in which all of the appellees are named as lessees, and Berry as lessor. The document in the record purporting to be the lease between the parties, appears to have been signed by only three of the appellees, namely, the manufacturing company, by its president, and W. B. Gervais and W. H. Barry, individually. It bore upon it this endorsement: ''The rent hereinabove provided has been paid up in part by the Chas. Mulvey Mfg. Co., Lessee. See original agreement. Chas. Mulvey Mfg. Co.''

The agreement hereinbefore referred to appears to have been filed for record and recorded in the recorder's office of Cook county, on April 2, 1908, and the lease on July 14, 1908.

The bill recites that in addition to the $2,000 payment made to Berry on or before July 11, 1907, rent was paid to Berry for the balance of the year 1907, and for the months of January, February and March, 1908, all of the payments being made after the time at which the rent fell due under the lease.

The bill further avers that complainants learned about April 25, 1908, that there had been a transfer of his interest in the lease by Berry to McKinney, which transfer purported to have been made April 17, 1908; that checks for the rents for the months of April, May, June and July, 1908, were made to McKinney, all

of them after the rent should have been paid under the terms of the lease; that on August 7, 1908, a check was sent to McKinney for the August rent, but was returned by him to the Company, and that currency to the amount of $166.66 was tendered on August 10, 1908, it being the amount of the August rent. It is asserted in the bill that McKinney claimed on August 6, 1908, that he on that day elected to terminate the lease for non-payment of the August rent. It is alleged that a notice of the termination of the lease, signed by McKinney, copy of which is attached to the bill, although dated August 6, 1908, was not served upon the lessee until August 10, 1908; that on August 10, 1908, a suit in forcible entry and detainer was brought in the Municipal Court of Chicago, and such proceedings thereafter had that judgment of posession was obtained by McKinney in that court. From this judgment a writ of error was taken to this court, where the judgment was affirmed in an opinion rendered October 21, 1910.

The agreement for the lease was carelessly and improperly drawn; the lease following it did not by its terms protect the rights of the lessees, as should have been done; the bill of complaint in the case is in many respects open to serious objection, which perhaps may be obviated in the progress of the case by amendment. The appellees have not complied with the rules of this court with respect to the filing of a brief and argument. The document filed contains no proper statement of the facts and no list of authorities upon which the appellees rely. In other words, there is an argument but no brief.

Appellant has made one assignment of error, namely: "that in the record and proceedings, and in the granting of the injunction without notice, and denying the motion to dissolve said injunction and to dismiss said bill of complaint, there is manifest error." There then appear twenty-three alleged assignments of error, all of which, however, begin with the word "because,"

and are apparently reason in the mind of the solicitor for the appellant why the one assignment of error alleged should be sustained. As assignments of error, we think they are improper.

Proper defense was not made to the forcible entry and detainer suit hereinbefore referred to, no proof having been made in that record, so far as we have been able to discover, of the payment of the $2,000 upon the rental, nor were there interposed other defenses that are now suggested by the bill of complaint before us. It is quite clear that the sum of $2,000 was paid by the manufacturing company, appellee, to Berry, to be applied upon the rental during some one of the ten years, that being the duration of the lease. This sum was paid at or about the time possession was taken, and might at the option of the lessor be applied on the tenth or any previous year of the operation of the lease. It is also quite clear that the appellees had given their note for $4,000 to Berry, and that the amount of that note, if the same should be paid, was to apply as 'rental after three years from the date thereof; that this note was deposited with the bank, which is one of the defendants; that in some way or other McKinney obtained possession of the note and has instituted suit thereon; that McKinney paid no consideration for the note, and took it with notice.

The question naturally arises whether in equity Berry would have been allowed, if he had not assigned the lease, to obtain a forfeiture thereof without returning the sum of $2,000 so advanced to him, and without in some way indemnifying the appellees from having to pay the note for $4,000 if he had assigned it to others or, if he had not so assigned it, without returning the same to appellees. In our judgment such forfeiture could not have been allowed by a court of equity without the violation of the plainest and most fundamental rules of equity.

The assignment of the lease is in the following

words: "In consideration of one dollar ($1.00) in hand paid, I hereby transfer, assign and set over to Frederick W. McKinney and his assigns all of my interest in the within lease and the rents thereby secured."

We are of the opinion that under this assignment, McKinney took the lease subject to any payments that had been made to Berry, and should not in equity be allowed a forfeiture of the lease without indemnifying the complainants for moneys theretofore paid by them upon the rental.

A full hearing of the merits of the case may develop facts which would materially modify the opinions we herein feel called upon to express, but on the present appeal we must assume the allegations of the bill to be true.

Under the allegations of the bill, McKinney obtained the note for $4,000 without consideration and, in our opinion, if the amount of the note is paid to him it should also be made to apply upon the rent.

The injunction restrains the appellant, and the other defendants, from instituting or commencing any suits on certain bonds given in the prosecution of a review of the judgment in the forcible detainer proceeding hereinbefore referred to. Inasmuch as McKinney was successful in that proceeding in this court, we see no reason why he should not be paid the amount to which he is entitled under such bonds or bond.

In our opinion, the injunction should be modified by striking out the portion last referred to.

The costs in this court will be taxed one-half to the appellant and one-half to the appellee.

*Reversed in part and affirmed in part.*