## The Chicago Terminal Transfer Railroad Company v. Annie Young.

### Gen. No. 11,512.

1.   PASSENGER—*who is.*   A person is a passenger in the eye of the law after having procured a ticket and taken a position at the depot of the carrier waiting for a train with the purpose of becoming a passenger.

2.   PASSENGER—*degree of care to be exercised toward.*   A passenger is entitled to have exercised in his or her behalf a high degree of care.

3.   NEW CAUSE OF ACTION—*when not set up in amended count.*   Where the amended declaration differs from the original only in that the latter avers that the plaintiff was at "one of the stations" of the defendant and the former alleges that the plaintiff was at "the station" of the defendant, no new cause of action is set up.

4.   VIDELICET—*office of.*   The office of a *videlicet* is to indicate that the plaintiff does not undertake to prove the precise circumstances as alleged.

5.  ASSAULT—*what does not justify.*  Even though one boarding a railroad train may be a trespasser, yet such fact does not justify a violent and unnecessary assault.

6.  AGENCY—*when need not be averred.*  In an action by a passenger against a carrier, charging assault, it is not necessary that the declaration should aver that the assault was committed by certain agents of the carrier, even though such be the fact.

7.  CARRIER—*when liable to passenger, notwithstanding non-operation of train.*  Notwithstanding a carrier may not have actually operated the train upon which a passenger received his or her injury, yet it is liable for the acts of the servants of the operating company.

Action on the case of personal injuries.  Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903.  Affirmed.  Opinion filed February 10, 1905.

**Statement by the Court.**  This is an appeal from a judgment in favor of appellee in an action to recover for personal injuries.

The evidence tends to show that appellee with another woman were at the railway station of appellant at 16th and Halsted streets, Chicago, where they had procured tickets for Blue Island, a station on appellant's road, near which they resided.  While waiting on the platform for the train which she had been told by the station agent would be due in five minutes a train called the " race train," which was on its way to the Harlem race tracks, stopped at the station.  This train was regularly due at that station at 1:20 P. M.  The train to Blue Island was due five minutes later.  Mistaking, as she states, the race train for that running to Blue Island appellee proceeded to get on.  She was on the second step of the car platform with her hand on the railing, when, it is alleged, she was roughly seized by the conductor of the train, who without warning or speaking to her, took hold of her arm, putting his own arm around her, and " jerked " her off, twisting her hand around, and then " whatever way he threw me off I don't know." She states that although remaining on her feet she became unconscious, and when she recovered the train was gone, and she " was catching my hand and squeezing it " because it hurt her so much.  As to whether she became completely

unconscious, she states that it became "black before my eyes," that she saw "stars," and didn't know anything for a few moments. She states that she lost the power in her hand and arm for fifteen months, has been treated by a doctor ever since and has constantly had trouble with her back in consequence of the injuries then received.

WM. ELMORE FOSTER and JOHN C. STETSON, for appellant; JESSE B. BARTON, of counsel.

EDWARD GREEN and McCLELLAN & SPENCER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The first of the grounds upon which we are asked to reverse the judgment is, that the trial court erred in sustaining a demurrer to appellant's plea of the Statute of Limitations to an additional count of the declaration, which count was filed long after the time within which the action could have been commenced under that statute. The only question is, whether the additional count stated a new cause of action. The original declaration alleged that plaintiff "became a passenger" of defendant the 19th day of October at the defendant's station in Chicago. The additional count filed after the limitation of the statute become operative, alleges that the injuries complained of were inflicted the 18th of the same month while plaintiff was in and about one of the defendant's stations "for the purpose of becoming a passenger" of defendant. The other averments are the same in both counts. The cause of action as stated in both counts is the same. Plaintiff was a passenger in the eye of the law after she procured her tickets and was at the defendant's depot waiting for a train with the purpose of becoming a passenger. I. C. R. R. Co. v. Treat, 179 Ill. 576–579. Whether she was at "the" station or at "one of the stations" of defendant is not a material difference in averment. The same proof would cover either averment. The cause of action stated either way is the same in legal force and effect. Chicago City Ry. Co. v. McMeen, 206 Ill. 108–115. As to the difference in the date between the

19th and the 18th, it appears (though the abstract fails to show it as it should) that in both counts the dates are alleged under a *videlicet*, the office of which is to indicate that the party does not undertake to prove the precise circumstances as alleged. This is axiomatic. In such cases he is not required to prove them. Bouvier's L. Dic., vol. 2.

Appellant's second ground of objection is that the court erred in refusing peremptorily to instruct the jury to find a verdict for the defendant, first because plaintiff was not in the exercise of due care because she was injured in getting onto the wrong train. This may have been the occasion of the alleged conduct of the conductor by which she claims to have been injured. It was certainly no excuse for removing her in the manner alleged, and if negligence on her part, was not contributory to the injury. It was a mere mistake evidently on her part, and one not unlikely to occur under the conditions in evidence. The question of her contributory negligence was, however, submitted to the jury and must be deemed settled by the verdict.

Nor was she a trespasser as appellant's attorneys argue. As a passenger in appellant's care she was entitled to a high degree of care. She received no warning and direction indicating the proper train for her to take or in this case to avoid. But such alleged trespass, if trespass there had been, afforded no justification for violence such as is charged in this instance.

The objection that the instruction to the jury to find for defendant was erroneously refused because there is a fatal variance between the declaration and the proofs, in that by the latter it appeared that the race train in question was operated by servants of the Suburban Railroad Company, while the declaration alleges that the cars were managed and controlled by servants of the defendant, is not well taken. It is a question of pleading only. The operating company is regarded as the servant and agent of the defendant, who was in this case the owner of the train and the road. Penn. Co. vs. Ellett, 132 Ill. 654–659–660; Anderson v. W. C. St. R. R. Co., 200 Ill. 329–333. There is

230    APPELLATE COURTS OF ILLINOIS.

no necessity of averment of the agency. It was enough to prove it.

It is objected that the owners of tracks are not liable for the personal acts of the servants of another company running trains over its road. There is no question in this case that appellee was, as before stated, a passenger of the defendant itself. It is said in C. & E. R. R. Co. v. Flexman, 103 Ill. 546–552. "The contract which existed between appellant as a common carrier and appellee as a passenger, was a guaranty on behalf of the carrier that appellee should be protected against personal injury from the agents or servants of appellant in charge of the train." This guaranty extended, we think, in like manner to employees even of other companies running appellant's trains over appellant's road, so long as appellee was appellant's passenger on appellant's premises, and this upon grounds independent of the relationship of principal and agent between appellant and the Suburban Railroad Company.

We do not regard the verdict as excessive or as exhibiting passion or prejudice under the evidence, nor do we find any material error in the instructions complained of.

The judgment of the Circuit Court must be affirmed.

*Affirmed.*