## J. C. BARNETT v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

October 10, 1913.

Nos. 18,197—(237).

**Heating railway stations in winter.**

1. A railroad company carrying passengers is obliged to reasonably heat its stations in winter for the accommodation of passengers, but it owes such duty only to passengers.

**Plaintiff not a through passenger.**

2. Plaintiff desired to travel over defendant's road from Union, Iowa, to Kilkenny, Minnesota, on a designated train. The train did not stop at Union, and, at the suggestion of the agent there, he bought a ticket to Mason City, arriving there in the evening, and later took an early morning train to Kilkenny. He was not a through passenger.

[1] Reported in 143 N. W. 263.

Note.—For authorities on the question of the status as a passenger as affected by the time elapsing before train leaves, see note in 43 L.R.A.(N.S.) 999. And as to when a person who has started for a train becomes a passenger, see note in 24 L.R.A. 521.

Upon the degree of care toward passenger at station, see note in 33 L.R.A. (N.S.) 855.

**When one becomes a passenger.**

3. Plaintiff bought his ticket at 3 a. m. for a 3:55 a. m. train. He was not a passenger before such purchase. Purchase of a ticket is not decisive of the relation. One becomes a passenger when he puts himself into the care of the carrier to be transported and is received and accepted as a passenger. He is entitled to the privileges of a passenger for a reasonable time before train time, but not during the whole night before an early morning train. The facts of this case disclose no reasonable occasion for plaintiff's presence at the station before the time he purchased his ticket.

**Same.**

4. Purchase of a ticket, though not conclusive, often fixes the time when the relation of carrier and passenger commences. Under the circumstances of the case plaintiff must be regarded as a passenger from the time he bought his ticket.

**Duty to licensee.**

5. Plaintiff remained about the station from about 11:30 p. m. the evening before. Up to the time he became a passenger he was a licensee. During such time defendant was under no obligation to furnish him a warm room.

**Question for jury.**

6. The question whether plaintiff suffered any damage after he became a passenger should have been submitted to the jury.

Action in the district court for Waseca county to recover $5,000 for disease contracted while exposed to cold awaiting the arrival of defendant's train at its station at Mason City, Iowa. Among other allegations the complaint alleged that the waiting room was not heated so as to protect passengers therein; that plaintiff was exposed to extreme cold and the other rigors of winter and contracted a severe cold, by reason whereof he remained sick for a long time and had been unable to perform manual labor, and was permanently injured; that plaintiff and the other passengers requested the agent in charge of the depot for a fire or that plaintiff be permitted to enter the depot office with the agent, where there was a fire, but that the agent informed plaintiff he could not enter the ticket office and that the heating apparatus for the depot was in a defective condition and could not be operated; and that plaintiff's suffering and disease were caused by the carelessness and negligence of defendant and its servants. The answer was a general denial. The case was tried before Childress,

J., who at the close of plaintiff's case granted defendant's motion to dismiss the action. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

*Moonan & Moonan,* for appellant.

*P. McGovern, W. H. Bremner* and *F. M. Miner,* for respondent.

HALLAM, J.

Plaintiff claims to have suffered injury from being obliged to sit in a cold station at Mason City, Iowa, for many hours during a night in February while waiting for a train.

1. We entertain no doubt that a railroad company carrying passengers is obliged to reasonably heat its stations in winter time for the accommodation of passengers. It is clear that this station was not so heated. But defendant is not obliged to provide a heated room for the accommodation of persons not passengers. The first question, then, is, was plaintiff a passenger during the time he was in the depot.

2. On the day before, plaintiff was at Union, Iowa. He was desirous of going to Kilkenny, Minnesota. Defendant's line of road runs between these points. He asked the station agent at Union to sell him a ticket to Kilkenny, expecting to take a designated through train. The agent told him that the through train mentioned did not stop at Union; that it did stop at Mason City. He told plaintiff he would sell him a ticket to Mason City; that he could take a local train to Mason City and there buy a ticket and take the through train for Kilkenny. Plaintiff accordingly purchased a ticket to Mason City. On arriving there, about 10 p. m., he asked the agent for a ticket to Kilkenny for a train due to leave at 3:55 a. m. The agent told him to come and buy it later, stating that the station would be open all night. Plaintiff left the depot, and at about 11:30 came back. He then remained in the station until the train came. There was no fire in the station. He bought his ticket about 3 a. m.

Plaintiff was not a through passenger from Union to Kilkenny. The agent at Union did not sell him a through ticket, and for a justifiable reason. Plaintiff's intention to take another train from Mason City to Kilkenny did not, under the circumstances, make him a

through passenger. The authorities bearing upon the rights of through passengers are accordingly not applicable.

3. We are of the opinion that he was not a passenger after his arrival at Mason City and before he bought his ticket there for Kilkenny. We do not mean that possession of a ticket is decisive of the relation of carrier and passenger. It is not. A man may have a railroad ticket and be upon railroad premises without being a passenger. Illinois C. R. Co. v. O'Keefe, 168 Ill. 115, 48 N. E. 294, 39 L.R.A. 148, 61 Am. St. 68; Johnson v. Boston & M. Railroad, 125 Mass. 75; Webster v. Fitchburg R. Co. 161 Mass. 298, 37 N. E. 165, 24 L.R.A. 521; Donovan v. Hartford St. Ry. Co. 65 Conn. 201, 32 Atl. 350, 29 L.R.A. 297; and he may be a passenger without a ticket; Illinois C. R. Co. v. Laloge, 113 Ky. 896, 24 Ky. Law Rep. 693, 69 S. W. 795; St. Louis I. M. & S. Ry. Co. v. Lawrence (Ark.), 153 S. W. 799. He becomes a passenger when he puts himself into the care of the carrier to be transported, and is received and accepted as a passenger by the carrier. There is seldom any formal act of putting himself into the care of the carrier or of acceptance by the carrier. The existence of the relation of carrier and passenger is commonly to be implied from circumstances. A carrier holds itself out as ready to receive as passengers all persons who present themselves in a proper condition and in a proper manner and proper time and place to be carried. Webster v. Fitchburg R. Co. 161 Mass. 298, 37 N. E. 165, 24 L.R.A. 521; Illinois C. R. Co. v. O'Keefe, 168 Ill. 115, 48 N. E. 294, 39 L.R.A. 148, 61 Am. St. 68. Where a person with the bona fide intention of taking passage upon a train goes to the station within a reasonable time prior to the hour of departure of the train, and there, either by the purchase of a ticket, or in some other manner, indicates to the carrier his intention to take passage, from that time on, while waiting for the train, he is entitled to all the rights and privileges of a passenger. In such case the law implies his acceptance as a passenger. 2 Hutchinson, Carriers, § 1006; St. Louis I. M. & S. Ry. Co. v. Lawrence (Ark.) 153 S. W. 799, 801; 4 Elliott, Railroads, § 1579; Fremont E. & M. V. R. Co. v. Hagblad, 72 Neb. 773, 101 N. W. 1033; 106 N. W. 1041, 4 L.R.A.(N.S.) 254, 9 Ann. Cas. 1096; Chicago T. T. R. Co. v.

Young, 118 Ill. App. 226; Radley v. Columbia Ry. Co. 44 Ore. 332, 75 Pac. 312, 1 Ann. Cas. 447; Illinois C. R. Co. v. Laloge, 113 Ky. 896, 24 Ky. Law Rep. 693, 69 S. W. 795. But he is entitled to the privileges of a passenger only for a reasonable time before train time. Louisville N. A. & C. Ry. Co. v. Treadway, 143 Ind. 689, 697, 40 N. E. 807, 41 N. E. 794; Alabama G. S. R. Co. v. Arnold, 84 Ala. 159, 168, 4 South. 359, 5 Am. St. 354.

No reasonable occasion or demand of travel could require or justify plaintiff's coming to this station at the time he did. Brown v. Georgia C. & N. Ry. Co. 119 Ga. 88, 46 S. E. 71; Illinois C. R. Co. v. Laloge, 113 Ky. 896, 24 Ky. Law Rep. 693, 69 S. W. 795; Phillips v. Southern Ry. Co. 124 N. C. 123, 32 S. E. 388, 45 L.R.A. 163; Archer v. Union Pac. R. Co. 110 Mo. App. 349, 85 S. W. 934; see also Heinlein v. Boston & P. R. Co. 147 Mass. 136, 16 N. E. 698, 9 Am. St. 676. Or in fact at any time earlier than the time he purchased the ticket, which was about an hour before train time. A person is not a passenger all night because he intends to take a train the next morning, even though he asks to buy a ticket the night before, and even though he came the evening before from another station on the same road for the purpose of taking passage on that train.

4. The sale of a ticket to a passenger at a station, though not conclusive of the relation of carrier and passenger, will often fix the time when that relation begins. Johns v. Charlotte, C. & A. R. Co. 39 S. C. 162, 17 S. E. 698, 20 L.R.A. 520, 39 Am. St. 709. We think that under the circumstances disclosed in this case plaintiff became a passenger at the time of such sale, but not earlier.

5. It follows from what we have said that defendant did not owe plaintiff the highly exacting obligation of carrier to passenger prior to the time he purchased his ticket for Kilkenny. Defendant doubtless did owe him some duty as a licensee; Archer v. Union Pac. R. Co. 110 Mo. App. 349, 85 S. W. 934; but we cannot hold that this involved any duty to furnish him a warm room in which to spend the night. We are of the opinion that there can be no recovery predicated on injuries received prior to the time plaintiff purchased his ticket to Kilkenny.

6. The question whether plaintiff suffered any damage after he

became a passenger, and before the train came, should have been submitted to the jury. The train was three hours late. A person who comes to a railroad station a reasonable time before train time and purchases a ticket is not entitled at all hazards to remain in the depot until the train arrives, if by doing so he is manifestly endangering his health and there is any other place he may reasonably go and avoid damage. But a passenger awaiting for a delayed train may not always safely leave the station after the train is due. Ohio & M. Ry. Co. v. Allender, 59 Ill. App. 620; International & G. N. R. Co. v. Johnson, 43 Tex. Civ. App. 147, 95 S. W. 595. The question here is: What course does ordinary prudence require? It does not conclusively appear that common prudence dictated that plaintiff leave the station at any time after he in fact bought his ticket. This question should have been submitted to the jury.

· If entitled to damages at all, he would be entitled to recover at least for the discomfort of being obliged to remain in a cold station for the period mentioned. We cannot say that this damage would be merely nominal.

A more important question, however, is the question whether plaintiff can in any event recover for the alleged illness that followed. In view of the fact that a new trial must be had, we deem it proper to make some reference to this question.

If plaintiff had come to the station at the time he bought his ticket, this question would give us no trouble. It would then be a question for the jury whether the subsequent exposure caused the illness that followed. The difficulty arises from the fact that the illness followed a period of exposure for the first part of which defendant was not responsible, and for the latter part of which a jury might find that defendant was responsible. We are of the opinion that the testimony in the record before us is insufficient to sustain a finding that the subsequent illness of plaintiff, or any part of it, was due to the exposure plaintiff suffered after the purchase of his ticket. But the case was not tried in the trial court, nor argued in this court, on the theory that any such showing was necessary, and we are unable to say that such a result is incapable of proof on another trial of the case.

Order reversed and new trial granted.