## NANCY B. GLIDDEN v. SECOND AVENUE INVESTMENT COMPANY and Another.[1]

### May 29, 1914.

### Nos. 18,554—(100).

**Lease — landlord not liable upon covenant after purchaser's assumption of liability.**

The owner of a building leased a portion of it and in the lease covenanted to furnish heat to the tenant. It thereafter sold the property to one who assumed all its obligations under the lease, and the tenant recognized the grantee as landlord. The original lessor was not thereafter liable to employees of the lessee for damages for personal injury resulting from negligent failure to properly heat the premises.

Action in the district court for Hennepin county against the Second Avenue Investment Co. and William E. Goodfellow to recover $25,000. The substance of the complaint is stated at the beginning of the opinion. The motion of the investment company for judgment

[1] Reported in 147 N. W. 658.

---

Note.—As to the effect of the surrender of an original lease on rights of sub-lessee, see note in 7 L.R.A.(N.S.) 221.

on the pleadings was granted, Dickinson, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Spooner, Laybourn & Lucas,* for appellant.
*Cohen, Atwater & Shaw,* for respondent.

HALLAM, J.

. Plaintiff appeals from a judgment on the pleadings in favor of the defendant Second Avenue Investment Co. The complaint alleges in substance that in December, 1909, the defendant Investment Co. owned a building in Minneapolis; that it leased the ground floor for five years to the L. C. Smith & Bros. Typewriter Co. for use as an office and salesroom, and agreed to keep in the building proper steam warming apparatus and to keep the premises comfortably warm at all seasons when required; that thereafter defendant Goodfellow, by mesne transfers and assignments, acquired all of the rights and interests of the defendant Investment Co. in said premises, and became "charged with the fulfilment * * * of the terms, conditions and agreements of the * * * Investment Co. contained and provided for in said lease;" that on December 26, 1911, plaintiff entered the employ of the typewriter company in its offices upon said premises; that at that time the premises were so cold as to be unfit for occupancy as an office; that plaintiff demanded of the typewriter company that the place be properly heated; that plaintiff and the typewriter company also demanded of defendants that the premises be properly heated, and repeated this demand of defendant Goodfellow at many different times up to and including December 30, 1911, and that said Goodfellow always promised to heat the premises; that plaintiff, relying upon the promises of said Goodfellow, continued at her work up to and including December 30, when she became seriously ill by reason of the exposure to cold, and she brings this action to recover damages against both Goodfellow and the Investment Co.

On a former hearing (124 Minn. 101, 144 N. W. 428) this court held that this complaint stated a cause of action as to the defendant Goodfellow. The question now is, does it state a cause of action as

to defendant Investment Co.? If it does, judgment on the pleadings should not have been given. We are of the opinion that the complaint does not state a cause of action as to the defendant Investment Co.

On the former appeal it was held that the landlord is liable directly to the employees of a tenant for personal injuries received from a defective condition of the leased premises arising subsequently to the date of the lease, where the landlord has expressly contracted to keep the premises in proper condition. The action in such case is not on the contract, for the employees of the lessee are strangers to the contract and its obligations. The sole remedy is an action for the wrong committed by the landlord by his negligence in failing to perform an act assumed by him which he should know would protect them from injury if performed, or expose them to injury if not performed. The contract creates an implied legal duty on the part of the landlord towards the employees of the tenant who are rightfully upon the premises, and a negligent violation thereof vests in them a right of action in tort against him for injuries sustained. The allegations of the complaint, so far as they concern the defendant Goodfellow, were held to bring the case within these principles.

The question of the liability of the Investment Co. was not there considered. The situation of the Investment Co. is manifestly different from that of defendant Goodfellow. The Investment Co. was the original lessor. It sold and delivered up the premises to Goodfellow before this cause of action arose.

A conveyance of the reversion brings the grantee in privity with the lessee, puts him in the place of the original lessor, subjects him to the burdens of such covenants of the lessor as run with the land, and entitles him to the benefits of the covenants of the lessee. He may sue upon or release such covenants, and may enforce or accept a surrender of the lease. The possession of the tenant becomes his possession. Cargill v. Thompson, 57 Minn. 534, 544, 59 N. W. 638. The rights and liabilities existing between the grantee and the lessee are the same as those that originally existed between the grantor and the lessee. 24 Cyc. 926, 927; Charles Mulvey Mfg. Co. v. McKinney, 161 Ill. App. 514; Leominster Gaslight Co. v. Hillery, 197

Mass. 267, 83 N. E. 870. In short he becomes the landlord and the original lessor ceases to be such. Fisher v. Deering, 60 Ill. 114; Lindley v. Dakin, 13 Ind. 388; Page v. Esty, 54 Me. 319, 326; Chambers v. Irish, 132 Iowa, 319, 109 N. W. 787. The tenant holds of the new landlord upon the same terms as he held of the old.

In this case it would appear that the tenant assented to the change of landlords, but it is probably not important whether it did or not. The new relation is consummated by a conveyance of the reversion. Attornment, or consent by the tenant, is now no longer necessary. Jones v. Rigby, 41 Minn. 530, 43 N. W. 390.

We would not say that the original lessor is, by a conveyance of the reversion, released from his personal obligations and covenants contained in the lease; see 24 Cyc. 919, 920, 927; Jones v. Parker, 163 Mass. 564, 40 N. E. 1044, 47 Am. St. 485; Stuart v. Joy, L. R. [1904] 1 K. B. 362; Hazen v. Hoyt, (Iowa) 75 N. W. 647, but the relation of landlord and tenant between them no longer exists. The obligations of the original lessor that remain after the conveyance of the reversion are personal contract obligations only, and involve no duty of control over the premises. In fact his obligation is no longer a primary obligation, but is secondary only. The new landlord, having assumed or become charged with the fulfilment of the terms, conditions and agreements of the lessor, contained and provided for in said lease, has succeeded to the primary liability. The liability of the original lessor has become the liability of a surety only. The orginal lessor is now a stranger to the premises, as much so as though he had never owned them. He has no right to enter for any purpose without the consent of his grantee.

We know of no decision holding the original lessor liable to strangers to the contract for negligent care of the premises under such circumstances. The tort liability of a landlord who covenants to heat or repair the leased premises is predicated on his right and duty to enter the premises and to exercise there a measure of control. If he leases the premises without assuming any obligation to heat or repair, he is under no obligation either to the tenant or to third persons to heat or repair, for the reason that he has surrendered to his tenant the exclusive possession and control of the premises leased,

and without the permission of the tenant he has no right to enter upon the premises for any purpose. Underhill, Landlord and Tenant, § 485. A similar situation is presented here. When the Investment Co. sold these premises to Goodfellow, it yielded up to him its right of control of the premises. It seems manifest that it no longer owed the duty nor had the right to go upon the premises to operate the heating plant after it had conveyed the premises. It follows that its failure to do so was not negligence, and the order granting judgment on the pleadings was right.

Judgment affirmed.