MARGARET R. HANSMAN v. WESTERN UNION TELEGRAPH COMPANY AND OTHERS.[1]

February 23, 1917.

Nos. 20,167—(277).

**Master not liable to servant for landlord's failure to heat work room.**

> The owner of a building leased the upper floor thereof, and in the lease convenanted to furnish heat to the tenant. *Held* that the evidence is not sufficient to sustain a verdict for damages in favor of a servant of the tenants against her employer, resulting from an alleged negligent failure to keep the premises properly heated.

Action in the district court for Hubbard county against Western Union Telegraph Company, Northwestern Telephone Exchange Company and J. E. Treat to recover $25,000. The facts are stated in the opinion. The case was tried before Wright, J., who when plaintiff rested denied separate motions to dismiss the action and at the close of the testimony separate motions for directed verdicts, and a jury which returned a verdict for $10,000. From an order denying separate motions for judgment notwithstanding the verdict or for a new trial, defendant corporations appealed. Reversed.

*C. M. Ferguson, M. G. Richardson, Albert T. Benedict* and *E. A. Prendergast,* for appellants.

*Marshall A. Spooner,* for respondent.

QUINN, J.

This action was brought to recover damages which the plaintiff claims to have sustained as the result of the negligence of the defendants. Plaintiff had a verdict and the defendants appealed from an order denying their motion for judgment or a new trial.

The facts are as follows: Plaintiff had followed the occupation of telegraph operator and was in the employ of the defendant Western Union

[1]Reported in 161 N. W. 512.

Telegraph Company for several years prior to the time here in question. In January, 1914, she was stationed by the company at Luverne in Rock county, where she continued to act in the capacity stated until the spring or summer of 1915. At the time she entered the service at Luverne, the telegraph company and the defendant telephone company were occupying a room in a building owned by one Treat, under a joint arrangement with one Smith, in charge for and representing both companies. She then became the employee of both defendants. Smith was plaintiff's superior, and she acted on his orders and directions during the time of the joint arrangement between the two defendants. The lease of the room, situated on the second floor of the building, was made. by the telephone company, and the terms thereof provided that the owner, or lessor, should properly heat the same and keep it in comfortable condition for occupancy during the cold weather months. On April 30, 1914, the joint arrangements between the defendants in the occupancy of the leased premises, and in the transaction of their business therein, terminated; and plaintiff then resumed her former status as the employee of the telegraph company only. The telephone company at that time sublet to the telegraph company the use of the room, with the right of heat under the original lease, and the company, with plaintiff in sole charge of its interests, continued to occupy the same until February 2, 1915, when the office was removed to the railroad station.

Plaintiff claims that during the time she occupied the room, particularly in December, 1914, and January, 1915, the room was inadequately and insufficiently heated, in consequence whereof she suffered from the cold, and was, by the varying or intermittent conditions of heat and cold, exposed to and in fact contracted tuberculosis from which she is now suffering. She charges in her complaint that the insufficient and inadequate heat was due to the negligence of defendants, whose duty it was to supply and furnish to plaintiff a reasonably safe and suitable place wherein to perform her duties as the servant and employee of each. The allegations of negligence were put in issue by the separate answers of the defendants, and by their verdict solved in plaintiff's favor by the jury.

Several questions are presented by the assignments of error, but we deem it necessary to consider only those challenging the sufficiency of the evidence to support the verdict. We have no difficulty with the law

136 M.—15

which was settled, as applied to a case of this kind, in Glidden v. Good-fellow, 124 Minn. 101, 144 N. W. 428, and Glidden v. Second Advance Inv. Co. 125 Minn. 471, 147 N. W. 658, L.R.A. 1015C, 190. It was there laid down that, upon sufficient proof of negligence, the lessor, who has covenanted to keep the leased premises properly heated, is liable for a negligent failure to perform the covenant, when such failure causes injury and damage to the servants and employees of the lessees. But we do have grave difficulty with the sufficiency of the evidence to sustain the verdict in respect to the issues necessary to be established to entitle plaintiff to a verdict. We dispose of these questions as applied separately to defendants, and jointly as to the concluding question, namely, whether the evidence sufficiently shows that plaintiff's present condition of health is attributable to the lack of proper heat in the room in which she was required to perform her duties. In respect to each question we have examined the record with special care, and we have not overlooked any of the contentions made in the able brief of counsel for plaintiff, though we are unable to concur in his view of what the evidence shows.

1. The question of the sufficiency of the evidence to sustain the verdict against the telegraph company does not require extended discussion. It was established on the trial, without contradiction, that the relations existing between the two defendants when plaintiff first entered the service at Luverne were wholly terminated on April 30, 1914. She claims no ill effect from the lack of proper heat prior to that date. From that time on she was the sole representative of the telegraph company and had sole charge of its affairs at Luverne; Smith had ceased to be her superior for he represented the telephone company only. Yet we find no complaint from her to her employer that she was not provided with comfortable quarters, or a suitable place in which to perform her work. She did complain to Smith, but he did not represent the telegraph company. It does appear, however, that the auditor of the telegraph company appeared at Luverne in December, 1914, and that on the day of his visit he found the room so uncomfortable that he went to the hotel to complete his work. But plaintiff did not complain to him that the conditions then existing were continuous or frequent. Nor did she communicate to any other officers of the company the facts, or inform them that the place was either unsuited or uncomfortable for the work she had to perform. Her

complaints to Smith, and what he said to her about telephoning the telegraph company at Sioux Falls, were not binding on the company. In the absence of some more specific communication of the complaint to the telegraph company, it must be held, on the present record, that the company violated no duty to plaintiff in respect to heating the room, or in performing its general duty to furnish her a reasonably safe and suitable place in which to do her work.

2. Plaintiff claims to have been, during all the time of her service in the leased building, an employee of the telephone company, as well as of the telegraph company, and entitled to recover against it upon that ground. We find no evidence in support of this contention. While plaintiff was in the service of both defendants when her employment at Luverne commenced, that relation came to an end when the two companies severed their relations on April 30, 1914. That there was a complete severance of such relations on that day there is no dispute in the evidence. But counsel contends that plaintiff had no notice of the change. This contention is not sufficiently supported by the evidence. Plaintiff admitted, when on the witness stand, that she was advised of the change, and that thereafter she reported directly to the telegraph company, and received from it her salary vouchers, while before the change the same were received from the telephone company. In view of her testimony upon this point, it will not do to permit the ingenuity of counsel to be the sole basis for a verdict of the jury to the effect that she had no notice of the change. So the telephone company cannot be held liable on the theory that the plaintiff was its employee.

3. Whether that company can be held upon the theory of the law as laid down in the Glidden case, we need not at this time stop to consider, for we are clear that the last question in the case, common to both defendants, namely, whether the evidence removes from the field of conjecture the question whether plaintiff's tubercular condition is directly attributable to the inadequately heated room in which she was employed. The question must be answered on the present record adversely to the plaintiff. The most that can be spelled out of the evidence is that the medical expert witnesses were of the opinion that her present condition might be attributed to the exposure experienced during the time in question. But that opinion leaves the question wholly in the dark. and. in

connection with the evidence, tending strongly to show that she was predisposed to the disease so clearly in doubt, that no recovery of a large amount of money should be permitted to stand on such problematical basis.

For these reasons there must be a reversal, in view of which we take occasion to remark that there was no error in dismissing the action as to the defendant Treat. We do not deem it necessary to separately consider the question of assumption of risk or contributory negligence.

Order reversed.