### 9933. HICKS *v.* SOUTHERN RAILWAY COMPANY.

Under the allegations of the petition, negligence of the railway company, in failing to heat and to keep in proper condition the heating apparatus of the mail-car in which the plaintiff was working as a postal clerk in cold weather, did not entitle him to recover damages for resulting illness, it appearing that he took the risk of working in the car with knowledge of its condition.

DECIDED APRIL 17, 1919. REHEARING DENIED MAY 13, 1919.

(Certiorari granted by the Supreme Court.)

Action for damages; from Fulton superior court—Judge Pendleton. June 6, 1918.

~ *Edgar Latham,* for plaintiff, cited: *Atlantic Coast Line R. Co.* v. *Powell,* 127 *Ga.* 805; Southern Ry. Co. *v.* Harrington, 166 Ala. 630; 5 Ruling Case Law, § 686, p. 44.

*McDaniel & Black,* for defendant, cited: Hopkins, Pers. Inj., § 206, and cases cited in the decision; Civil Code (1910), §§ 4426, 4506.

WADE, C. J.  The plaintiff sued the Southern Railway Company for damages, alleging:  That he was employed by the United States as a railway postal clerk, and was engaged in the performance of his duties as such on January 10th, 11th, and 12th, 1918, being assigned to defendant's car No. 234, which was a mail-car; that the weather was then very cold—between 10 and 15 degrees above zero—and that the said car in which he was working was not heated; that this condition was reported to certain conductors, engineers, flagmen, and porters of the defendant; that the defendant's agents and employees failed and refused to heat the car, saying it was out of fix; that the defendant failed to repair the car, and the steam pipes gave out no heat, and it was very cold in the car, causing the plaintiff to become ill as a result of exposure.  It was alleged that the defendant was negligent "in that said car was out of repair and the heating apparatus was out of repair, in a manner not known to petitioner, and in a manner that could have been known to defendant had its agents made investigation, and said agents refused to make any investigation of said car or any investigation whatever, and refused to repair the same;" and that "defendant violated its duty to provide heat for said car, it being the duty of defendant to heat mail cars in the same manner as other passenger-cars."  It was further alleged that the petitioner "was without fault in the premises, and could not have avoided the injuries by the exercise of ordinary care."  The defendant demurred to the petition, on the ground that it did not set out a cause of action.  The demurrer was sustained and the petition dismissed, and the plaintiff excepts.

We think a fair construction of the petition under review shows conclusively that the plaintiff was made ill as the result of his own negligence in working three extremely cold days in a car that was not heated, when he must have known, as a reasonably prudent man, that such exposure was likely to cause him injury.  He was fully aware of the unsafe condition of the car in which he voluntarily placed himself.  It is well settled that a person cannot recover damages from a railroad company for injuries to himself where they were caused by his own negligence, or where by the exercise of ordinary care he could have avoided the consequences to himself caused by the negligence of the defendant.  The doctrine of contributory or comparative negligence, of force in this State, does not

apply where the plaintiff's own negligence was the sole cause of the injury, or where by the exercise of ordinary care he could have avoided the consequences to himself caused by the defendant's negligence. See *Western & Atlantic Railroad* v. *Bloomingdale, 74 Ga. 604; Smith* v. *Central R. Co., 82 Ga.* 801 (10 S. E. 111); *Central R. Co.* v. *Denson, 84 Ga.* 774, 785 (11 S. E. 1039); *Williams* v. *Southern Ry. Co., 126 Ga.* 710, 713 (55 S. E. 948). The law imposed upon the plaintiff the duty of avoiding the negligence of which he fully knew; and since he did not avoid it, he failed to use ordinary care for his own safety. This lack of ordinary care on his part made him the architect of his own misfortune. In other words, his negligence was, as a matter of law, the proximate cause of his injuries. The fact that the defendant company was likewise negligent did not lessen the legal duty resting upon him to exercise ordinary care for his own safety. Civil Code (1910), § 4426; *Simmons* v. *Seaboard Air-Line Ry., 120 Ga.* 225 (47 S. E. 570, 1 Ann. Cas. 777); *Hill* v. *Louisville & Nashville R. Co., 124 Ga.* 243, 245 (52 S. E. 651, 3 L. R. A. (N. S.) 432); *Turley* v. *Atlanta &c. Ry. Co., 127 Ga.* 594, 597 (56 S. E. 748, 8 L. R. A. (N. S.) 695).

The case of *Atlantic Coast Line R. Co.* v. *Powell, 127 Ga.* 805 (56 S. E. 1006, 9 L. R. A. (N. S.) 969, 9 Ann. Cas. 953), is clearly distinguishable on its facts from the case under consideration. In that case the plaintiff's petition showed that she was transported as a passenger in a car which was not heated, although the weather was extremely cold, and in consequence of the failure to heat the car she contracted a severe illness, on account of which she brought suit. These facts are similar to the facts in the instant case, but it further appears in that case that the plaintiff "suffered as a result of the cold 'in a few moments after the train left Albany,'" at which place she entered the car. She was warranted in assuming before she entered the coach that it was properly heated, and could only have discovered the contrary through her physical sensations, or from inquiry, after she came into the car and when the train must have already left the station. The distinct allegation is that she contracted the cold which caused the injury to her health *"in a few moments"* after she had entered the coach, and it does not appear that if she had been able to do so and had left the train after making the discovery that the car was not heated, the same consequences would not have resulted to her, as she had already con-

tracted the cold.   In the case now under consideration the plaintiff must have discovered on the 10th of January that the car in which he was expected to work was not heated, but notwithstanding this he voluntarily entered the car and remained therein throughout that trip, and again made a trip in the same car, which he knew to be in the same condition, on the 11th and on the 12th, and in fact he alleges in his petition that on the 12th, "prior to the departure of the train for Birmingham," he reported the condition to the inspector of the defendant company, but nevertheless, with full knowledge of this defective condition, he again entered the coach and remained therein, though he knew that the weather was extremely cold and that the car was not heated throughout the entire trip from Atlanta to Birmingham.   The petition is somewhat vague as to the time when the plaintiff reported to the conductors, engineers, etc., the  lack of heat in the car, or when they declined to heat it, for the reason "it was out of fix and they did not know what to do;" but it must be inferred that the refusal to repair the car was at least made prior to the last trip undertaken by the plaintiff on the 12th, and therefore he must have known when he entered the coach on that date not only that the heating apparatus in the car was out of repair, but that no attempt would be made by the employees of the defendant company to remove the trouble.   It is not alleged, as in the *Powell* case, supra, that the plaintiff contracted the illness for which he brought suit immediately or in a few moments after entering the frigid coach on the 10th, the first named date, but his illness resulted from the cold to which he was subjected during the three-days period between the 10th and 12th inclusive, and, so far as the allegations disclose, may have been brought about altogether from the low temperature of the car on the 12th, or perhaps on the 11th, after he had full opportunity, by reason of his journey in the same car on the 10th, to ascertain all the conditions and circumstances and to fully realize the danger to which he would expose himself by again traveling in the unheated coach.

Generally speaking, ordinary care is, of course, a question for determination by a jury, but where a petition (as does the petition in this case) discloses facts which show, as a matter of law, that no other legal conclusion could be reached save that the facts complained of constitute a lack of ordinary care, it is the duty of the court so to hold.

The trial court therefore did not err in sustaining the demurrer and dismissing the suit.

Judgment affirmed. *Jenkins and Luke, JJ., concur.*