## MARGARET R. HANSMAN v. WESTERN UNION TELEGRAPH COMPANY AND OTHERS.

### NORTHWESTERN TELEPHONE EXCHANGE COMPANY, APPELLANT.[1]

#### October 24, 1919.

#### No. 21,369.

**Covenant of landlord to heat — liability to tenant's servant.**

1. A lessor, who leases property with a covenant to keep it properly heated, is liable to an employee of his tenant for a negligent failure to heat properly. Following Glidden v. Goodfellow, 124 Minn. 101.

**Same — negligence of landlord — evidence.**

2. The evidence sustains a finding that the defendant telephone company negligently failed to heat properly premises leased to the telegraph company in the employ of which the plaintiff was.

**Contributory negligence of plaintiff not shown.**

3. The evidence does not require a finding that the plaintiff was at fault in caring for herself, or in remaining at work under the conditions to which she was subjected while working for the telegraph company, so as to prevent a recovery from the telephone company for its negligent failure to heat.

[1] Reported in 174 N. W. 434.

**Negligence — proximate cause.**

4. The evidence sustains a finding that the tuberculosis from which the plaintiff is suffering was the proximate result of the negligent failure of the telephone company properly to heat the premises in which she worked for the telegraph company.

**Verdict not excessive.**

5. The verdict is not excessive.

After the former appeal reported in 136 Minn. 212, 161 N. W. 512, the case was tried before Stanton, J., and a jury which returned a verdict in favor of plaintiff for $18,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. A. Prendergast,* for appellant.
*Samuel A. Anderson,* for respondent.

DIBELL, J.

Action to recover damages alleged to have been sustained through the negligence of the defendant telegraph company and telephone company. A verdict was directed in favor of the telegraph company. The jury found a verdict against the telephone company and it appeals from the order denying its alternative motion for judgment or a new trial. This case was here before and is reported in 136 Minn. 212, 161 N. W. 512.

1. The plaintiff commenced work in an office at Luverne, Minnesota, on January 24, 1914, in the joint employ of the telephone company and the telegraph company. In April, 1914, her work for the telephone company ceased and from then on she worked for the telegraph company. The premises were leased by the telephone company from one Treat. In the lease the "lessor agrees to keep said premises heated with hot water heat during the entire term of this lease whenever artificial heat is necessary to keep said premises at a temperature of seventy (70) degrees above zero Fahrenheit, without extra cost to said lessee." The telephone company leased the premises to the telegraph company from about May 1, 1914, and until February, 1915, and agreed to furnish heat substantially in accordance with the terms of its lease with Treat. This brings the case in accord with Glidden v. Goodfellow, 124 Minn. 101, 144 N.

W. 428, L.R.A. 1916E, 1073, and Glidden v. Second Ave. Inv. Co. 125 Minn. 471, 147 N. W. 658, L.R.A. 1915C, 190, and for the negligence of the telephone company in failing to furnish heat it was liable to the plaintiff although she was working for the telegraph company.

2.    There is sufficient evidence of the negligent failure to provide heat. It tends to show that in the winter months of 1914 and 1915 and until the company moved in February, 1915, the office was nearly constantly cold and unfit for occupancy for the plaintiff's work.    The plaintiff says that in November and December, 1914, and January, 1915, the temperature ranged from 50 to 55 degrees and rarely reached 60 degrees.    In this she may be inaccurate and her statement may be an exaggeration.    The evidence is ample that the room was continually cold, that complaint was made of it to the telephone company officers with whom the plaintiff came in contact, and that while some apparent effort was made to remedy conditions there was no substantial improvement.    There is evidence that some of the men avoided the office and worked elsewhere.    The case is not one, if the evidence is believed, of an occasional and perhaps unavoidable exposure to cold but of a continuous exposure for several months.

3.    The plaintiff is now afflicted with tuberculosis and claims that the cause of it is to be found in the conditions to which she was subjected. The defendant urges that she was herself at fault and is barred of recovery either upon the general theory of contributory negligence or of a voluntary assumption of the risks of the conditions obtaining.    The jury found to the contrary and we cannot say that its finding is not sustained. There is nothing in the living conditions of the plaintiff, nor in her care for her health, which requires a finding that she was at fault.    She knew that it was very cold and uncomfortable in the office.    It cannot be said as a matter of law that she knew or anticipated or should have known or anticipated such injurious results as came, or that she should have known or anticipated results at all serious.    It cannot be said as a matter of law that she should have abandoned her work because of the failure to heat.

4.    A seriously contested question is whether the tuberculosis from which the plaintiff is suffering came from her exposure to the conditions in the office.    She says that in January, 1915, she noticed some trouble in her throat and bronchial tubes, and developed a hacking or cough, and noticed somewhat of a weakening of her general health.    She gradually

grew weaker and in July ascertained that she was suffering from tuberculosis. The evidence of her family history and her condition before and while at Luverne are given in detail. Two physicians who examined the plaintiff and heard the testimony were of the opinion that her present trouble is traceable to her exposure. There is medical testimony that it is not so traceable. The defendant claims that the plaintiff had a bad family history and that she was predisposed to tuberculosis. In determining whether her present condition is ascribable to her exposure at Luverne this claim hardly helps the defendant. Young v. St. Paul City Ry. Co. 142 Minn. 10, 170 N. W. 845. Upon a consideration of the evidence we are of the opinion that the question was for the jury. The following cases are cited as useful but in no sense are they controlling: Keegan v. Minneapolis & St. L. R. Co. 76 Minn. 90, 78 N. W. 965; Decker v. Chicago, M. & St. P. Ry. Co. 102 Minn. 99, 112 N. W. 901; Mageau v. Great Northern Ry. Co. 106 Minn. 375, 119 N. W. 200; Healy v. Hoy, 115 Minn. 321, 132 N. W. 208; State v. James, 123 Minn. 487, 144 N. W. 216; Glidden v. Goodfellow, 124 Minn. 101, 144 N. W. 428, L.R.A. 1916F, 1073; Wendt v. Bowman & Libby, 126 Minn. 509, 148 N. W. 568; Young v. St. Paul City Ry. Co. 142 Minn. 10, 170 N. W. 845.

5. The verdict was for $18,500. It is claimed that it is excessive. Conservatively invested it will bring a tidy income without an impairment of the capital. The plaintiff is 27 years of age. She was getting $40 per month when working for the telegraph company. The evidence favorable to the plaintiff indicates that she will always have a fight for life and is properly a sanatorium subject. All this means an expenditure of money. She must be well cared for if she makes a winning fight. She cannot go among people as she could were she not afflicted with tuberculosis. She cannot expect to be the mistress of her own home. To a considerable extent she is socially ostracised. There was evidence from which the jury could find the conditions recited. We cannot say that the verdict is excessive as the result of passion or prejudice. The trial court did not think it so.

Order affirmed.


HOLT, J. (dissenting).

I dissent. It may be confidently asserted that in our relations with

our fellowmen we act on the assumption that every normal person of mature age is better able than anyone else to determine what degree of heat or cold is safe for him. And by voluntarily remaining in a room which such person knows to be inadequately heated he should be held to have assumed the resulting risk.

BROWN, C. J. (dissenting).
I concur in the dissent of Justice Holt.