## BESS HANES v. VIEHMAN REALTY COMPANY.[1]

### July 16, 1920.

### No. 21,726.

**Landlord and tenant — breach of contract to heat — option to vacate — damages.**

A landlord is liable for damages for breach of contract to heat a leased residence. Where, however, an option to vacate is given and no reason appears why the premises are not vacated, there can be no recovery of damages which accrued after the allowance of a reasonable time to vacate.

Action in the district court for Hennepin county to recover $5,000 for injury to health caused by deficient heating of rented premises. The case was tried before Waite, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for $500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Daniel F. Foley*, for appellant.

*C. J. Eisler* and *B. M. Goldman*, for respondent.

HALLAM, J.

Plaintiff and her husband leased of defendant an apartment in a building known as Spruce Villa in Minneapolis, for a family residence, commencing with the month of September, 1917, and from month to month thereafter. Defendant agreed to furnish heat. Plaintiff and her husband and child occupied the apartment until about the last of December, 1917, at which time they vacated. This action is brought to recover damages to plaintiff's health for defendant's alleged failure to heat the apartment according to contract. Plaintiff had a verdict. Defendant appeals.

Plaintiff's evidence is to the effect, that during November and De-

1 Reported in 178 N. W. 587.

cember the apartment was very cold, and that as a result she contracted illness. There is no evidence of any wilful or active negligence on the part of defendant. The evidence, so far as it explains the failure to furnish heat, is that there were three apartments in the building difficult to heat, or as one of the janitors, a witness for plaintiff, testified: "It seemed quite a hard matter to get those apartments heated." The only suggestion that defendant might have done more than it did was to suggest that storm windows might have been furnished but there is no evidence as to the time within which these might have been procured.

This court has sustained the liability of a landlord for damages for failure to furnish heat to an apartment when required by his contract to do so, Sargent v. Mason, 101 Minn. 319, 112 N. W. 255. We think, however, the facts clearly necessitate a reversal of this case. It appears that soon after the controversy over heat arose, defendant gave plaintiff the privilege of vacating the apartment and plaintiff declined. The testimony on this point as given by plaintiff herself is as follows:

Q. You talked with Mr. Drew when he told you you could vacate?

A. Yes, he said, he told Mr. Hanes that if it was not satisfactory, we could move.

Q. He said he would not charge you for rent?

A. He said we could move.

Q. If it was not satisfactory?

A. Yes.

Q. What did you say?

A. I said I would stay.

There is no suggestion in the case of difficulty of obtaining another place of abode and plaintiff and her husband did soon thereafter do so. No sentiment attached to this place. Plaintiff had been there but a short time. In fact there is no suggestion of any reason why plaintiff did not avail herself of the privilege accorded her to vacate, except that she chose to stay. The case is not like Hansman v. Western Union Tel. Co. 144 Minn. 56, 174 N. W. 434, where, to leave the premises, would have meant the giving up of employment which was the plaintiff's means of livelihood. If plaintiff could have avoided personal injury by removal from the premises, defendant should not be held responsible

for damages sustained after the allowance of a reasonable time after the privilege given to vacate. It seems probable that whatever damages plaintiff sustained accrued after that time. As time went on the weather became more severe. If any damage accrued prior to that time there was no evidence in this case by which it could be measured. In this respect the case resembles Barnett v. Minneapolis & St. Louis R. Co. 123 Minn. 153, 143 N. W. 263, 48 L.R.A.(N.S.) 262.

Order reversed and new trial granted.