ADAM BULIN v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 12, 1924.

No. 24,235.

**Question of negligence for jury.**

 1. Whether leaving uncovered a pipe carrying live steam in a mail car upon which plaintiff, a mail clerk at work therein, was burned was negligence, was for the jury.

**Proof defective.**

 2. Neither contributory negligence nor assumption of risk was conclusively shown.

Action in the district court for Ramsey county to recover $15,000. The case was tried before Michael, J., and a jury which returned a verdict for $1,242.05. From the judgment, defendant appealed. Affirmed.

*F. G. Dorety, A. L. Janes* and *J. H. Mulally,* for appellant.
*John J. McDonough,* for respondent.

HOLT, J.

The only question before us is whether upon this record defendant is entitled to judgment non obstante veredicto. Plaintiff was a railway mail clerk in the employ of the United State's government, who in the course of his duties was riding in a mail car, being transported by defendant over its line of railroad from St. Paul to Emerson, Manitoba. Near Alexandria, Minnesota, as plaintiff, at the front of the car, was in a stooping position, engaged in his work,

[1] Reported in 201 N. W. 307.

the train gave a lurch throwing him against an unprotected pipe containing live steam so that his thumb came in contact therewith and was burned or blistered, causing an infection of the arm resulting in an extended period of suffering and incapacity. The amount of the damages awarded is not questioned.

The contention is that no negligence on the part of defendant was proven. The negligence charged was leaving unprotected this pipe carrying live steam near to where the mail clerks would at times be working. The pipe comes into the front end of the car some 10 inches from the floor, runs horizontally 13 inches, then vertically some 3 feet into a steam box fastened to the front end wall. The purpose of the pipe and box is to heat the coffee and lunches of the mail clerks. It is true that the position of the pipe is somewhat protected. It runs near the floor and for a part under the water cooler, and its vertical part, except a foot thereof, is run along the corner made by the cooler with the front end of the car. But it is to be remembered that the mail clerks must do their work in all parts of the available space, and in different postures. Mail sacks are picked up from the floor, and most of the work is done when the car is in motion. We think the situation such that a jury might find negligence in leaving this pipe uncovered. On the side of the car the pipes carrying live steam were screened in. And no reason suggests itself why it was not equally prudent to protect against contact with the pipe in question. It could readily have been done at a trifling expense. Some claim is made that this mail car was built and arranged according to the plans and specifications of the government, and had been inspected and approved by it. While this circumstance was entitled to weight, it was not conclusive of the nonexistence of negligence in respect to this pipe. To mail clerks transported in the discharge of their duties, the carrier owes the same high degree of care it owes to other passengers, insofar as relates to the equipment of the cars with view of safe carriage. Decker v. C. M. & St. P. Ry. Co. 102 Minn. 99, 112 N. W. 901.

It also is claimed that plaintiff knew the pipe to be uncovered and assumed the risk, and by his negligence contributed to the injury, he having some hours before used the warming box. Coming

in contact with the pipe was not a voluntary act of plaintiff. The position he was in was not in itself hazardous, and would have been fraught with no serious consequences from the lurch had the pipe been protected. It is clear that contributory negligence did not appear as a matter of law, and we think assumption of risk was also a question for the jury. It might not be apparent to the ordinary person doing the work of a mail clerk that this risk of being thrown against the pipe was present and appreciated, although the pipe was known to be there. Westcott v. C. G. W. Ry. Co. 157 Minn. 325, 196 N. W. 272. The cases relied on by appellant differ widely from the one at bar. Oviatt v. D. C. Ry. Co. 43 Minn. 300, 45 N. W. 436, determined only that it was error to refuse to instruct the jury "that on the evidence they could not find the defendant ought to have a bell-rope on the train," the train being a freight train. Simonds v. M. & St. L. R. Co. 87 Minn. 408, 92 N. W. 409, rather supports respondent to the effect that a passenger in a mixed train does not assume the risk from the negligent equipment of the car in which he rides. In Washington & O. D. Ry. Co. v. Carter, 117 Va. 424, 85 S. E. 482, to the plaintiff's knowledge and acquiescence a bar, designed to protect against such a fall as he experienced, had been removed from the car. There it also appeared that the plaintiff appreciated the risk. Hicks v. Southern Ry. Co. 23 Ga. App. 594, 99 S. E. 218, does not accord with the Decker case, supra, or the view this court takes of the assumption of risk by an employe who is required to work in insufficiently heated places. Hansman v. Western Union Tel. Co. 136 Minn. 212, 161 N. W. 512; Id. 144 Minn. 56, 174 N. W. 434. See also Barnett v. M. & St. L. R. Co. 123 Minn. 153, 143 N. W. 263; Id. 130 Minn. 300, 153 N. W. 600.

Our conclusion is that defendant was not entitled to a directed verdict nor to judgment non obstante.

Judgment affirmed.