## NICK JUROVICH v. INTERSTATE IRON COMPANY.[1]

December 5, 1930.

No. 28,065.

*Austin & Wangensteen* and *Gannon & Strizich,* for appellant.
*Mitchell, Gillette & Carmichael,* for respondent.

LORING, J.

Plaintiff seeks to recover from his employer in a common law action for injuries to his health on account of exposure due to working in ice-cold water in the defendant's mine. The plaintiff suffered no accidental injuries nor is his trouble an occupational disease within the terms of the workmen's compensation act. Therefore he sues at common law, and the common law defenses are applicable.

The defendant demurred on two grounds: first, that the court has not jurisdiction of the action; and, second, that the facts stated do not constitute a cause of action. The trial court sustained the demurrer on the second ground for the reason that the complaint showed upon its face that the plaintiff voluntarily assumed the risk of his exposure to the cold water.

From the complaint it appears that the defendant was having difficulty with water pouring down into its works from some body of water above them, and the plaintiff was engaged in an endeavor

[1]Reported in 233 N. W. 465.

to assist in the pumping out of this water and in so doing was working in a sump into which this cold water drained and from which it was being pumped out of the mine. He alleges that the defendant assured him that the place in which he was at work was a "fit and suitable and proper place" in which to work and that he was ignorant and illiterate and unable to understand or appreciate the dangers incident to the exposure to the cold water.

We are of the opinion that the trial court was right in sustaining the demurrer and that the complaint shows upon its face that the plaintiff voluntarily assumed the risks and hazards to which he was exposed by working in this cold water. The effect of continuous saturation with ice-cold water must be apparent to even an ignorant and illiterate person. Ignorance and inexperience cannot be so great as not to appreciate the physical hazards of working in ice-cold water. Reasonable minds could reach only one conclusion as to that. Such hazards were certainly just as apparent to the plaintiff as they were to the defendant, and no verdict could be rendered in favor of the plaintiff upon his complaint in this action which would not be set aside on the ground that he had assumed the risk incident to his working in this cold water. Assumption of the risk is not a defense which appeals to the sense of justice of the ordinary person, but it is still the law where not abrogated by statute. If there is any case where it is applicable it is such a case as the one at bar.

In support of his contention the appellant cites the case of Hansman v. Western Union Tel. Co. 136 Minn. 212, 161 N. W. 512, where the plaintiff worked in a cold room and brought suit on the theory that she had contracted tuberculosis on account of the low temperature. Even if that case is interpreted as contended by the appellant, we see a vast difference in the obvious nature of the hazard from that in the case at bar.

The judgment appealed from is affirmed.